**J.G., Petitioner,**

v.

### DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 21, 2001.
Decided April 10, 2002.

---

Joseph P. Martone, Erie, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

Before SMITH–RIBNER, Judge, KELLEY, Senior Judge,[1] and JIULIANTE, Senior Judge.

OPINION BY Senior Judge KELLEY.

J.G. petitions for review of a final order entered by the Secretary of the Department of Public Welfare (DPW), which affirmed an order entered by DPW's Bureau of Hearings and Appeals (Bureau) which dismissed J.G.'s appeal on the basis that there exists no right of appeal from a founded report of child abuse under the Child Protective Services Law (Law), 23 Pa. C.S §§ 6301–6385. We reverse and remand.

On August 20, 1999, an oral report of child abuse was received by DPW identifying J.G., the mother, and C.M., the father, as suspected perpetrators of child abuse against their two month old son, A.M.[2] The report indicated that A.M. had various injuries that were consistent with a condition commonly known as "Shaken Baby Syndrome." On September 15, 1999, the status of the abuse report was deemed "indicated"[3] based upon medical evidence

---

1. This case was assigned to Judge Kelley prior to the date when he assumed the status of senior judge on January 1, 2002.

2. A.M. was born June 15, 1999.

3. A child abuse report is deemed "indicated" if an investigation by the county agency or

and the results of an investigation conducted by the Erie County child protective service agency. The indicated report was entered on the Statewide central register of child abuse.[4] On September 30, 1999, J.G. filed an administrative appeal with DPW requesting that the indicated report naming her as the perpetrator of abuse against A.M. be expunged. By letter dated November 4, 1999, J.G. requested an administrative hearing.

In a collateral proceeding, Erie County Children and Youth Services, acting under the authority of the Juvenile Act, 42 Pa. C.S. §§ 6301–6365, filed a dependent child petition with the Court of Common Pleas of Erie County, Juvenile Division, (trial court) alleging that A.M. was abused. On September 9, 1999, a hearing was held before the trial court, wherein J.G. appeared and testified and defended the allegations of abuse. Based upon the testimony and evidence presented, the trial court concluded that A.M. had been abused

while under the supervision and control of both parents. The trial court issued a decree adjudicating the child as dependent.[5]

■ Based upon this judicial adjudication, the status of the report was changed from "indicated" to "founded."[6] As a result of the change, J.G.'s administrative appeal requesting that the indicated report be expunged was not heard. By letter dated December 7, 1999, J.G. filed an administrative appeal with the Bureau contesting the founded report of child abuse. By order dated December 6, 2000, the Bureau dismissed J.G.'s appeal on the basis that there is no right of appeal from a founded report of child abuse. J.G. filed an application for reconsideration, which DPW granted. Upon reconsideration, DPW affirmed the Bureau's order dismissing J.G.'s administrative appeal by final order dated May 24, 2001. J.G. now seeks judicial review of that determination.[7] In

DPW determines that substantial evidence of the alleged abuse exists based on any of the following:

    (1) Available medical evidence.
    (2) The child protective service investigation.
    (3) An admission of the acts of abuse by the perpetrator.
Section 6303 of the Law, 23 Pa. C.S § 6303.

4. Section 6331 of the Law provides, in pertinent part:

There shall be established in the department:
(2) A Statewide central register of child abuse which shall consist of founded and indicated reports.
23 Pa.C.S. § 6331(2).

5. Under the Juvenile Act, a "dependent child" is a child who:

    (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or

control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk; . . . .
Section 6302 of the Juvenile Act, 42 Pa.C.S. § 6302.

6. A report is deemed "founded" if there has been any judicial adjudication based on a finding that a child who is a subject of the report has been abused, including the entry of a plea of guilty or nolo contendere or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse. Section 6303 of the Law, 23 Pa.C.S. § 6303.

7. Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Bird v. Department of Public Welfare*, 731 A.2d 660 (Pa. Cmwlth.1999).

her petition for review, J.G. raises the issue of whether DPW erred by not vacating the order of the Bureau, which dismissed J.G.'s appeal.

J.G. contends that, as a person named as a perpetrator in a founded report of child abuse, she has a legal right to an administrative appeal or hearing. We agree.

Under the Law, DPW may amend or expunge any record upon a showing of good cause. Section 6341 of the Law, 23 Pa.C.S. § 6341. The Law specifically provides that any person named as a perpetrator in an "indicated report of child abuse" may, within 45 days of being notified of the status of the report, request the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. Section 6341(a)(2) of the Law, 23 Pa.C.S. § 6341(a)(2). If the request is refused, the perpetrator shall have the right to a hearing before the secretary to determine whether the summary of the indicated report in the Statewide central register should be amended or expunged on the grounds that it is inaccurate or that it is being maintained in a manner inconsistent with this chapter. Section 6341(a)(3) of the Law. The perpetrator shall have 45 days from the date of the letter giving notice of the decision to deny the request in which to request a hearing. *Id.*

While the Law enables a perpetrator in an indicated report of child abuse to request expunction and provides a right to appeal a denial of such a request, there is no corresponding provision within the Law for perpetrators named in a "founded report" of child abuse. This statutory omission does not mean that a named perpetrator in a founded report does not have any right of appeal.

■ Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." "Adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." Section 101 of Administrative Agency Law, 2 Pa.C.S. § 101. Administrative actions are adjudicatory in character when they culminate in a final determination affecting personal or property rights. *Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission*, 501 Pa. 71, 459 A.2d 1218 (1983). While "[n]ot every action of an administrative agency is an adjudication.... An exercise of discretion would appear to be the starting point in determining whether an agency's action is an adjudication." *Fricchione v. Department of Education*, 4 Pa.Cmwlth. 288, 287 A.2d 442, 443 (1972). A Commonwealth agency may issue an "adjudication" only after compliance with the Administrative Agency Law relating to practice and procedure of Commonwealth agencies. *Direnzo Coal Co. v. Department of General Services*, 779 A.2d 614 (Pa.Cmwlth.2001).

■ A founded report of child abuse constitutes an "adjudication" as it is a final determination which that affects a named perpetrator's personal rights by branding him or her as a child abuser in a Statewide central register of child abuse. A report is deemed "founded" if there has been any judicial adjudication based upon a "finding that a child who is a subject of the report has been abused." Section 6303 of the Law, 23 Pa.C.S. § 6303. According to the Law, a judicial adjudication of abuse includes "the entry of a plea of guilty or nolo contendere or a finding of guilt to a criminal charge involving the same factual cir-

cumstances involved in the allegation of child abuse." *Id.* These adjudications encompass not only a judicial finding that the child has been abused, but that the perpetrator has been found guilty of abuse in a criminal proceeding. Where a founded report is based upon such an adjudication, an appeal would, in most instances, constitute a collateral attack of the adjudication itself, which is not allowed.[8] *Moeller v. Washington County,* 352 Pa. 640, 644, 44 A.2d 252, 254 (1945) ("It is an established principle of law ... that a judgment, order or decree rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to collateral attack in any other proceeding.").

■ Where, however, a founded report is based upon a judicial adjudication in a non-criminal proceeding, such as a dependency action, in which the court enters a finding that the child was abused, but does not issue a corresponding finding that the named perpetrator was responsible for the abuse, a named perpetrator is entitled to an administrative appeal before the secretary to determine whether the underlying adjudication of child abuse supports a "founded report" of abuse. We emphasize that the scope of the appeal is for the limited purpose of determining whether or not the underlying adjudication supports a founded report that the named perpetrator is responsible for the abuse and would not permit a named perpetrator to collaterally attack or otherwise challenge the underlying judicial adjudication.

In the case before us, J.G. was initially named a perpetrator in an indicated report of child abuse. Following the entry of a judicial adjudication that A.M. was abused in a dependency action, DPW, in the exercise of its administrative discretion, changed the status of the report from indicated to founded. J.G. appealed this decision to DPW on the basis that the founded report is not supported by the facts of the underlying adjudication because the trial court did not specifically find that J.G. was guilty of abuse. In the adjudication, the trial court found:

> In the case at bar, the testimony is uncontradicted, unequivocal and well-beyond the clear and convincing standard that A.M. was abused.... The fact that there is no direct evidence to implicate the mother is not dispositive. It is clear from the testimony that the injuries that were inflicted occurred sometime while this child was under the supervision and control of both parents. Moreover, the agency has established by clear and convincing evidence that the child is presently without proper parental care or control and that such care or control is not immediately available. Therefore, the Court will issue a decree adjudicating this child as dependent.

Trial Court's Adjudication and Decree, p. 7. As the underlying adjudication relied upon by DPW[9] merely indicates a finding that A.M. was abused, and does not contain a definitive finding that J.G. is guilty of that abuse, J.G. is entitled to an administrative appeal to determine whether the adjudication of abuse constitutes sufficient evidence to support a founded report that J.G. committed that abuse. "[A]n administrative adjudication of suspected child abuse is of the most serious nature. Therefore, this society, which was founded

---

8. The only proper way to challenge the judicial adjudication would be to file an appeal where the adjudication has been rendered.

9. DPW also relies upon the trial court's memorandum opinion which was submitted pursuant to Pa. R.A.P. § 1925 in response to J.G.'s appeal to Superior Court. However, this opinion is not part of the certified record before this Court and was not the adjudication upon which DPW relied in entering the founded report of abuse.

upon, inter alia, its citizens' 'inherent and indefeasible rights . . . of acquiring, possessing and protecting property and *reputation*,' cannot blithely surrender those rights. . . ." *A.Y. v. Department of Public Welfare*, 537 Pa. 116, 124, 641 A.2d 1148, 1152 (1994) (quoting Pa. Const. art. I, § 1). By denying J.G.'s appeal on the basis that there is no right of appeal, we conclude that DPW has clearly erred.

Accordingly, the order of DPW is reversed and this case is remanded to DPW for purposes of conducting an administrative hearing to determine if sufficient evidence exists to support a founded report that J.G. committed abuse.

### ORDER

AND NOW, this *10th* day of *April*, 2002, the order of the Department of Public Welfare, dated May 24, 2001, at No. 21–00–183, is reversed and this case is remanded to DPW for purposes of conducting an administrative hearing to determine if sufficient evidence exists to support a founded report that J.G. committed abuse.

Jurisdiction relinquished.