**R.F., Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 31, 2002.

Decided June 25, 2002.

Jesse D. Searfoss, Reading, for petitioner.

Daniel Fellin, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

R.F. appeals from an order of the Secretary of the Department of Public Welfare (DPW) upholding an order of the Bureau of Hearings and Appeals (Bureau) dismissing R.F.'s appeal of a founded report of child sexual abuse.

On February 5, 1999, Berks County Children and Youth Services (Youth Services) received a report that R.F was suspected of sexually abusing his daughter and conducted an investigation into the allegations. Youth Services referred the matter to law enforcement and criminal charges were filed. Youth Services then filed an indicated child abuse form with DPW stating that R.F. had sexually abused his daughter, D.F., and requested that an indicated status be assigned. Under a plea bargain agreement, R.F. pled *nolo contendere*[1] to count 4 of the complaint, Endangering the Welfare of a Child, 18 Pa.C.S. § 4304, and was given probation.[2] On May 2, 2000, Youth Ser-

---

1. A plea of *nolo contendere* is treated as if R.F. pled guilty to the crimes charged. *Commonwealth v. Nelson*, 446 Pa.Super. 240, 666 A.2d 714 (1995), *petition for allowance of appeal denied*, 544 Pa. 605, 674 A.2d 1069 (1996).

2. The original probation order dated May 1, 2000, required participation in sex offender therapy. However, on May 3, 2000, upon consideration of a motion filed by R.F. for reconsideration of his sentence, an order was filed by the Court of Common Pleas of Berks County deleting the reference to sex offender therapy from the probation order.

vices filed an amended report with DPW changing the status of the report from "indicated" to "founded" in accordance with 23 Pa.C.S. § 6303.

On May 24, 2000, R.F. appealed the change from indicated to founded contending that in his *nolo contendere* plea, he did not plead guilty to any sexual abuse and that was a condition of his plea. The Bureau dismissed the appeal because Section 6338 of the Child Protective Services Law, 23 Pa.C.S. § 6338(a),[3] only provides for an appeal from "indicated" reports, not "founded" reports of child abuse. R.F. filed an application for reconsideration by the Secretary of DPW which was granted. On January 11, 2001, the Secretary issued an order upholding the dismissal of R.F.'s request for an appeal. This appeal followed.[4]

Not addressing whether the Secretary was required to give him a hearing, R.F. contends that the Secretary erred in upholding the Bureau's dismissal of his appeal to expunge a founded report of sexual abuse because in his *nolo contendere* plea, he did not plead guilty to sexual abuse.[5] However, because the basis for the Bureau's and then the Secretary's decisions was jurisdictional, i.e., that there was no appeal from a "founded" report, we must first address whether the Bureau and the Secretary were required to consider R.F.'s appeal.

In our recent decision, *J.G. v. Department of Public Welfare*, we faced a similar situation. In that case, DPW received a report of child abuse identifying the mother and father of suspected child abuse, and after an investigation, the status on the abuse report was deemed indicated. *Id.* at 1090. In a collateral proceeding, Erie County Children and Youth Services filed a dependent child petition with the Erie County Court of Common Pleas. *Id.* at 1091. The trial court concluded that the child had been abused and adjudicated the child as dependent. *Id.*

---

3. 23 Pa.C.S. § 6338(a) provides:

General rule. When a report of suspected child abuse or a report under Subchapter C.1 (relating to students in public and private schools) is determined by the appropriate county agency to be a founded report or an indicated report, the information concerning that report of suspected child abuse shall be expunged immediately from the pending complaint file, and an appropriate entry shall be made in the Statewide central register. Notice of the determination must be given to the subjects of the report, other than the abused child, and to the parent or guardian of the affected child or student along with an explanation of the implications of the determination. Notice given to perpetrators of child abuse and to school employees who are subjects of indicated reports for school employees or founded reports for school employees shall include notice that their ability to obtain employment in a child-care facility or program or a public or private school may be adversely affected by entry of the report in the Statewide central register. The notice shall also

inform the recipient of his right, within 45 days after being notified of the status of the report, to **appeal an indicated report,** and his right to a hearing if the request is denied. (Emphasis added.)

4. Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *J.G. v. Department of Public Welfare*, 795 A.2d 1089 (Pa. Cmwlth.2002) (*citing Bird v. Department of Public Welfare*, 731 A.2d 660 (Pa.Cmwlth. 1999)).

5. A "founded report" is a "child abuse report made pursuant to [Child Protective Services Law] if there has been any judicial adjudication based on a finding that a child who is a subject of the report has been abused, including the entry of a plea of guilty or *nolo contendere* or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse." 23 Pa.C.S. § 6303.

Based upon this determination by the trial court, DPW changed the status of the report from indicated to founded. *Id.* The child's mother had previously filed an administrative appeal requesting that the indicated abuse finding be expunged, but based upon the change in status from indicated to founded, the request was not heard. *Id.* at 1091. The child's mother then filed an administrative appeal contesting the founded report of abuse, but it was dismissed on the basis that there was no right of appeal from a founded report of child abuse. *Id.*

We found that although a perpetrator in an indicated report of child abuse has a right of appeal of a denial of an expungement request under Section 504 of the Child Protective Services Law (Law)[6], "there is no corresponding provision within the Law for perpetrators named in a 'founded report' of child abuse. This statutory omission does not mean that a named perpetrator in a founded report does not have any right of appeal." *Id.* at 1092. We further found that a founded report of child abuse is an adjudication, and that under 2 Pa.C.S. § 504, "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

While we held that there was a right to appeal, we specifically noted that in a criminal proceeding, where there is an entry of a guilty plea or *nolo contendere* or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse, an appeal would "in most instances, constitute a collateral attack of the adjudication itself, which is not allowed." *Id.* at 1093. In this case, though, we do not have a collateral attack on the adjudication because the is-sue is whether the plea was one upon which a "founded report" could be based.

R.F. entered a plea of *nolo contendere* to the charge against him of endangering the welfare of a child, but contends that his plea is unrelated to child sexual abuse. Because R.F. does not challenge the criminal *nolo contendere* plea but only challenges the designation of a founded status, he is not collaterally attacking the trial court's determination but only the characterization given to that plea. Because he is not attacking the underlying matter, R.F. is entitled to a hearing as to whether the *nolo contendere* plea was properly characterized.

Accordingly, the decision of DPW is vacated and the matter is remanded to DPW for a hearing as to whether the *nolo contendere* plea was properly characterized.

### ORDER

AND NOW, this 25th day of June, 2002, the decision of the Secretary of the Department of Public Welfare at 21–00–102 dated January 11, 2001, is vacated and the matter is remanded to the Secretary of the Department of Public Welfare in accordance with the terms of this opinion.

Jurisdiction relinquished.

---

6. Act of December 19, 1990, P.L. 1240, *as amended*, 23 Pa.C.S. § 6341.