**G. M., Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 2008.

Decided Sept. 26, 2008.

Justin R. Lewis, Pittsburgh, for petitioner.

Jeffrey P. Schmoyer, Sr. Counsel and Allen C. Warshaw, Chief Counsel, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and BUTLER, Judge.

OPINION BY Judge McGINLEY.

G.M. (Petitioner) petitions for review of an order of the Secretary of the Department of Public Welfare (DPW) that upheld an order of the Bureau of Hearings and Appeals' (Bureau) dismissal of G.M.'s appeal of a founded report of child abuse.

On May 10, 2007, a founded report of child abuse was filed by the Allegheny County Office of Children, Youth and Families (OCYF) which named Petitioner as the perpetrator of child abuse against N.G., Petitioner's step-daughter.

In June of 2008, DPW's Office of Child Line and Abuse Registry (Child Line) informed Petitioner by letter that he was named as the perpetrator in a founded report of child abuse and that he had forty-five days to appeal.

Petitioner responded that the founded report of child abuse should be expunged because Petitioner "pled nolo contendere to the corruption of minors ... [and][u]nlike a guilty plea, a plea of nolo contendere does not admit or deny the charges and can be rejected by a Judge...." Appeal from the Founded Report, September 5, 2007, at 3; Reproduced Record (R.R.) at 5.

On December 18, 2007, the Bureau issued a Rule to Show Cause that directed Petitioner "to respond ... *by filing, as applicable, a written explanation detailing the basis for your argument that the appeal should or should not continue to a hearing,* any relevant statutory, regulatory or decisional authority in support of your argument, and any relevant court orders and supporting documentation." (emphasis added). Rule to Show Cause, December 18, 2007 at 1; R.R. at 7.

On January 30, 2008, Petitioner responded:

13. In pleading nolo contendere Appellant [Petitioner] did not admit to any conduct constituting "sexual abuse or exploitation."

14. Under 23 Pa.C.S. § 6303, an "indicated" report must be supported by "substantial evidence" of the alleged abuse, based upon (1) available medical evidence; (2) the child protective service investigation; or (3) an admission of the acts of abuse by the perpetrator.

Appellant's Response to Rule to Show Cause, January 30, 2008, Paragraphs 13 and 14 at 3; R.R. at 27.

On April 11, 2008, OCYF responded:

2. The Hampton Township Police Department had filed a Criminal Complaint against Appellant [Petitioner] charging him with Unlawful Contact with a Minor, Indecent Assault, Endangering Welfare of Children and Corruption of Minors....

. . . .

4. On March 7, 2007, ... the Appellant [Petitioner] in the case at bar pled nolo contendere and accepted a plea bargain based upon one count of corruption of minors....

5. *Pursuant to Pa.Code 55 § 3490.4, a judicial adjudication has occurred involving the exact same circumstances*

*involved in the allegation of child abuse,* thus Appellant [Petitioner] is not entitled to expunction of the Child Line, nor a hearing on the merits. See 55 § 3490.106(a). (emphasis added).

Response to Rule to Show Cause, April 11, 2008, Paragraphs 4 and 5 at 1–2; R.R. at 8–9.

On March 6, 2008, the Bureau dismissed Petitioner's appeal and concluded that Petitioner "failed to provide sufficient reasons why this matter should not be dismissed ... [s]pecifically, an Order issued by the Court of Common Pleas of Allegheny County in which Appellant [Petitioner] pled nolo contendere to the charge of Corruption of Minors." Bureau Order, March 6, 2008, at 1; R.R. at 31.

After reconsideration, DPW upheld the Bureau's decision on April 24, 2008.

■ On appeal[1], Petitioner contends that he was entitled to a hearing based on DPW's failure to notify him concerning the change in the investigation report from "indicated" to "founded."[2] Specifically, Petitioner asserts that because a "founded" report of child abuse constituted an adjudication he was entitled to a notice of hearing and an opportunity to be heard.

Section 504 of the Administrative Agency Law (Agency Law), 2 Pa.C.S. § 504, provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard...."

In *R.F. v. Department of Welfare,* 801 A.2d 646 (Pa.Cmwlth.2002), this Court determined that a founded report of child abuse was an adjudication and as such granted the perpetrator the right to appeal and an opportunity to be heard. However, in *R.F.,* this Court emphasized that where *"there is an entry of a guilty plea or nolo contendere or a finding of guilt to a criminal charge involving the same factual circumstance involved in the allegation of child abuse, an appeal would ' in most instances, constitute a collateral attack of the adjudication itself, which is not allowed.'"* (emphasis added). *Id.* at 649, quoting *J.G. v. Department of Public Welfare,* 795 A.2d 1089, 1093 (Pa.Cmwlth. 2002).

In *R.F. v. Department of Public Welfare,* 845 A.2d 214 (Pa.Cmwlth.2004), this Court analyzed what constituted the "same factual circumstances." In *R.F.,* the Berks County Children and Youth Services (CYS) had received a report of suspected sexual abuse of D.F. allegedly perpetrated by R.F., the father. On February 24, 1999, criminal charges were filed against R.F. Pursuant to a plea offer, R.F. pled nolo contendere to endangering the welfare of a child. On May 2, 2000, CYS filed an amended report and changed "indicated" to "founded." R.F. appealed and argued that the nolo contendere plea was not

---

1. This Court's review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *J.G. v. Department of Public Welfare,* 795 A.2d 1089 (Pa. Cmwlth.2002), citing *Bird v. Department of Public Welfare,* 731 A.2d 660 (Pa.Cmwlth. 1999).

2. Section 6303(a) of the Child Protective Services Law (Law), 23 Pa.C.S. § 6303, defines the term "founded report" as:

A child abuse report made pursuant to this chapter if there has been any judicial adjudication based on a finding that a child who is a subject of the report has been abused, including the entry of a plea of guilty or *nolo contendere* or a finding of guilt to a criminal charge involving the same factual circumstance involved in the allegation of child abuse. (emphasis added).

predicated on an allegation of sexual abuse of a child. Following a hearing, the Hearing Officer found "that the nolo contendere plea involved the same factual circumstances as those involved in the allegation of child abuse" and DPW denied R.F.'s request to expunge. *Id.* at 217.

On appeal, this Court reversed:

In order to maintain a 'founded report,' DPW requires a criminal disposition against a perpetrator on a charge where the finding of guilt or the evidence proffered by the Commonwealth to which the defendant enters a nolo contendere plea is based on sexual abuse. . . . The charge of Endangering the Welfare of a Child does not mandate an inference of sexual abuse. . . .

*In addition, simply because R.F. entered a plea of nolo contendere to Endangering the Welfare of a Child, DPW may not infer that the plea was to an act of sexual abuse, especially in light of the colloquy surrounding the entering of that plea . . . . In that discussion, R.F. stated that he did not have sexual contact with his daughter D.F., and the judge responded that "[t]here is no allegation of that and nobody's-the Commonwealth's not even offering to be able to prove that." Moreover, the Assistant District Attorney admitted that sexual abuse was not part of the factual basis for R.F.'s offering of the plea of nolo contendere and, instead, his plea was based upon the generic language that he violated his duty of care to a child.* (emphasis added, footnotes and cites omitted).

*R.F.*, 845 A.2d at 218.

Here, the evidence proffered by the Commonwealth concerning the underlying criminal proceedings was based upon the same factual circumstances contained in OCYF's Child Protective Services Investigative Report.[3]

**The Court:** The district attorney's office is going to give a summary of the case against you. I want you to pay attention to it because when she's done, I'm going to ask your attorney and then you if you have any additions or corrections you want to make to that summary. Do you understand that?

**Defendant:** Yes.

**The Court:** Go ahead.

**Laura Ditka,** attorney for the Commonwealth: Your Honor, if this case would have proceeded to trial, the primary witness would have been . . . [N.J.], who would have testified that the defendant [Petitioner] was married to her mother when she was 15 years of age and in the 9th grade.

*On two separate occasions, he [Petitioner] approached her, once in which he began a conversation about what kind of underwear she was wearing and then attempted to stick his hand inside her sweatpants, touch her thigh.* (emphasis added).

*And on another occasion when she was on her bed, he came and began to rub her back, stuck his hand under her shirt and touched her right breast.* (emphasis added).

That substantially would have been the Commonwealth's case.

**The Court:** Any additions or corrections . . . ?

**3.** Child Protective Service Investigation Report stated that N.G. was a "16 year old female" and that the "perpetrator [Petitioner] put his right hand in a hole in pants touching vaginal area" and that the "[p]erpetrator [Petitioner] reportedly also went into bedroom and grabbed breast." Child Protective Service Investigation Report, June 6, 2007, at 1; Certified Record.

**Counsel and Defendant:** ... No.

. . . .

**The Court:** I'll accept your plea [nolo contendere] and find the defendant has understood the proceedings today and he's entered into his plea knowingly, intelligently, and voluntarily.

Notes of Testimony, March 7, 2007, at 5–6 and 8; R.R. at 17–18 and 20.

Unlike, in *R.F.*, the same factual circumstances that resulted in the criminal proceedings were the basis for the "founded" report of sexual child abuse.[4] Because Petitioner's challenge is nothing more than an attack on the underlying criminal matter, he is not entitled to a hearing pursuant to Section 504 of the Agency Law, 2 Pa.C.S. § 504.

Accordingly, this Court affirms.

### *ORDER*

AND NOW, this 26th day of September, 2008, the order of the Secretary of the Department of Public Welfare in the above-captioned matter is affirmed.

---

4. Section 6303(a) of the Law, 23 Pa.C.S. § 6303 defines the term "sexual abuse or exploitation" as "[t]he employment, use, persuasion, inducement, enticement or coercion of any child to engage in or assist any other person to engage in any sexually explicit conduct. . . ."