# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Chester County Department of | : | **CASE SEALED** |
| Children, Youth and Families, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1812 C.D. 2017 |
| | : | Argued: June 7, 2018 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                                        FILED:  June 26, 2018


Chester County Department of Children, Youth and Families (CYF) petitions for review of the order of the Commonwealth of Pennsylvania, Department of Human Services, Bureau of Hearings and Appeals (BHA) adopting in its entirety the Administrative Law Judge's (ALJ) recommendation sustaining B.M.'s (Father) appeal to expunge a founded report of child abuse maintained in the ChildLine and Abuse Registry (Registry) pursuant to the Child Protective Services Law (CPS Law).[1]  For the following reasons, we affirm.

---

[1] 23 Pa.C.S. §§ 6301–6384.  The Registry is a statewide system for receiving reports of suspected child abuse, referring reports for investigation, and maintaining those reports.  23 Pa.C.S. § 6332.  A report of suspected child abuse may be either "indicated," "founded," or **(Footnote continued on next page…)**

**I.**

The subject child, I.M. (Child), is a female born on March 27, 2014, and is one of Father's six children. On November 23, 2016, CYF received an oral report of child abuse that Father allegedly committed against Child, who was two years old at the time. Specifically, on November 21, 2016, Father was arrested for allegedly threatening to slit Child's and her mother's, A.M.'s (Mother), throats while he stood outside of their vehicle with a box cutter. Chester County law enforcement filed criminal charges against Father for, *inter alia*, simple assault, terroristic threats with intent to terrorize another, possession of weapon, and four counts of harassment.[2]

Following an investigation by Child Protective Services (CPS), CYF filed an indicated report[3] naming Father as perpetrator of physical abuse against

---

"unfounded." 23 Pa.C.S. §§ 6337, 6338. In the case of "indicated" or "founded" reports, the information is placed in the statewide central registry. 23 Pa.C.S. § 6338(a).

[2] 18 Pa.C.S. §§ 2701(a)(3) (one count - simple assault), 2706(a)(1) (one count - terroristic threats with intent to terrorize another), 907(b) (one count - possession of a weapon), 2709(a)(1) (one count - harassment), 2709(a)(3) (two counts - harassment), 2709(a)(4) (one count - harassment).

[3] As pertinent, an "indicated report" is defined as:

> [A] report of child abuse made pursuant to this chapter if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following:
>
> (1) Available medical evidence.

**(Footnote continued on next page…)**

Child. That report was later amended to a founded report[4] based upon Father's guilty plea to two counts of summary harassment and admission to the following colloquy of facts:

> The facts in support of the plea before Your Honor now are that on November 21, 2016, at approximately noon[,] . . . [Father] and victim in this case, [Mother], were engaged in an oral verbal argument. [Mother] was in her car with **her children**. [Father] was outside of the vehicle.
>
> The two were talking, discussing a PFA [protection from abuse order] that at the time existed. [Father] **made a comment to the victim [Mother's] child** that he would

_____

**(continued…)**

> (2) The child protective service investigation.
>
> (3) An admission of the acts of abuse by the perpetrator.

23 Pa.C.S. § 6303(a).

[4] As pertinent, the Law defines a "founded report" as:

> A child abuse report involving a perpetrator that is made pursuant to this chapter, if any of the following applies:
>
> (1) There has been a judicial adjudication based on a finding that a child who is a subject of the report has been abused and the adjudication involves the same factual circumstances involved in the allegation of child abuse. The judicial adjudication may include any of the following:
>
>> (i) The entry of a plea of guilty or nolo contendere. . . .

23 Pa.C.S. § 6303(a).

3

slit their family's throats based on the fact that he was upset that the family at the time was not together and not cohabitating.

The PFA has since been dropped. [Father's] conduct in making that statement served no legitimate purpose and was threatening.

The couple is back together. [Mother] has contacted both the police officers and the District Attorney's office multiple times expressing her disinterest in proceeding forward with the case. She's indicated that it was a misunderstanding and that her statement at the time may not be completely accurate based on the stress. She has been cohabitating again with [Father] I believe for the past couple weeks to a month.

(Reproduced Record (R.R.) at 48a-49a) (emphasis added).

Although the above colloquy does not identify which child Father specifically threatened, the founded report nevertheless identifies Child as the subject child and lists the category of abuse as "Creating A Reasonable Likelihood Of Bodily Injury To a Child Through Any Recent Act/Failure to Act." (R.R. at 43a.)[5] The founded report explains the basis for amending as follows:

Upon completion of investigation, [F]ather did create a reasonable likelihood of bodily injury by threatening to slit the [C]hild's and [M]other's throats. Only [Mother] and [Child] were present in the car while [F]ather was outside holding a box cutter making threats. Father was

_____

[5] *See* 23 Pa.C.S. § 6303(b.1)(1) ("The term 'child abuse' shall mean intentionally, knowingly or recklessly doing any of the following: (1) Causing bodily injury to a child through any recent act or failure to act.").

4

upset with [M]other for having a PFA against him. At the time of this incident there was a current PFA order in place because ten days prior [F]ather threatened to shoot the family and walked to his car to get a gun. Mother subsequently drove away after [F]ather made threats to slit their throats and went to the police. Father was arrested and charged with possession of a weapon, harassment, terroristic threats, and simple assault. There is currently a no contact order in place.

On February 15, 2017 before the Honorable Judge Gavin in Chester County Court, [Father] plead [sic] guilty to two counts of harassment. The underlying facts recited on the record are consistent with the allegations made in the original [Indicated Report]; specifically that he threatened to slit the throats of his family members. He received a total of 6 months probation, with required anger management and domestic violence counseling.

(R.R. at 44a.) Father appealed CYF's decision to amend and a hearing was held before the ALJ.

At the hearing, CYF submitted Father's guilty plea colloquy as well as the criminal docket sheet listing Father's charges and guilty plea. None of these documents, however, listed the name of the specific child and/or children that were present when Father made the threat or which child the threat was directed toward. CYF did not offer any testimony.

After CYF presented its case, Father opted to provide testimony. Not specifically stating that he directed his comments at Child or that she was involved in the incident, he did admit, "I made a mistake and I am aware of that. And I just don't want it to affect, you know, what I can do with and what I can't. . . . I'm just

5

simply asking the courts, yes, I understand I made a mistake. I've done everything the [c]ourts have asked me to do. So can we try to work something out?" (R.R. at 33a-34a.)

The ALJ recommended sustaining Father's appeal to expunge the founded report. As the ALJ reasoned:

> At the time of the fair hearing, CYF did not call any witnesses but submitted several exhibits. Based upon the evidence submitted, it is clear that [Father] pled guilty to two (2) counts of harassment relating to an incident where he threatened one (1) of [Mother's] children that he would slit the family members' throats. However, the evidence submitted does not specifically identify the alleged victim on the harassment convictions. While it is clear from the guilty plea colloquy that the victim is one of [Father's] children, the evidence submitted demonstrates that he has six (6) children. Therefore, the undersigned is unable to determine if the victim of the criminal conviction is the subject child of the Founded Report.
>
> Furthermore, [Father] pled guilty to the crime of harassment, [18 Pa.C.S. § 2709(a), which] states a person commits the crime of harassment when, with the intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same. The elements of the crime of harassment do not equate to a judicial finding that [Father] intentionally, knowingly or recklessly . . . caus[ed] bodily injury to a child through any recent act or failure to act pursuant to [23 Pa.C.S. § 6303(b.1)(1)]. Consequently, it cannot be determined . . . that the criminal conviction involved the same factual circumstances involved in the allegation of child abuse leading to the indicated report.

6

(ALJ's Recommendation at 9.) On November 8, 2017, BHA issued an order adopting the ALJ's recommendation in its entirety without further explanation. CYF filed this petition for review.[6]

## II.

On appeal, CYF contends that the ALJ erred in concluding that it failed to sustain its burden of demonstrating that Child, who is the subject of the founded report, was involved in the same factual circumstances leading to Father's guilty plea to two summary harassment charges.

Under the Law, an "indicated" report is defined, in pertinent part, as "a report of child abuse made pursuant to this chapter if an investigation by the [D]epartment or [CYF] determines that substantial evidence of the alleged abuse by a perpetrator exists based on . . . [t]he child protective service investigation." 23 Pa.C.S. § 6303.[7] However, for an "indicated" report to attain the status of a "founded report," there must be a judicial adjudication. 23 Pa.C.S. § 6303; *D.M. v.*

---

[6] The CPS Law does not provide a right to appeal for perpetrators named in a founded report. However, pursuant to the Administrative Agency Law, a founded report of child sexual abuse is appealable for the "limited purpose of determining whether or not the underlying adjudication supports a founded report that the named perpetrator is responsible for the abuse." *J.G. v. Department of Public Welfare*, 795 A.2d 1089, 1093 (Pa. Cmwlth. 2002). Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law was committed, or whether necessary findings of fact were unsupported by substantial evidence. *Id.* at 1091 n.7.

[7] The CPS Law defines a "perpetrator" as a person who has committed child abuse and is responsible for the child's welfare, including "[a] parent of the child." 23 Pa.C.S. § 6303(a)(1)(i). A "child" is defined as "[a]n individual under 18 years of age." 23 Pa.C.S. § 6303(a).

*Department of Public Welfare*, 122 A.3d 1151, 1155 (Pa. Cmwlth. 2015). Specifically, a "founded" report can be sustained with evidence of "a judicial adjudication" in which there is "a finding that **[the] child who is a subject of the report** has been abused and the adjudication involves **the same factual circumstances** involved in the allegation of child abuse." 23 Pa.C.S. § 6303 (emphasis added).

This Court has held that for a report to become "founded," CYF must demonstrate that the factual circumstances of the judicial adjudication and the indicated report are identical. *D.M.*, 122 A.3d at 1155. These requirements are in place because the adjudication, itself, constitutes a judicial finding that the child has been abused and that the perpetrator has been found guilty of the abuse. *C.F., IV v. Department of Human Services*, 174 A.3d 683, 688 (Pa. Cmwlth. 2017). In other words, to convert an indicated report to a founded report, "the adjudication must resolve **all** of the issues in the indicated report **definitively** and **conclusively**. It is for this reason that this Court, while highlighting that an adjudication cannot usually be collaterally attacked in an administrative proceeding, has stated that the only way to properly challenge an adjudication upon which a founded report is based is to appeal and contest the adjudication." *Id.* at 692 (emphasis added).

Upon review, it is clear that CYF failed to demonstrate that the underlying adjudication involved Child. Although CYF produced ample evidence that Father pled guilty to harassment because he threatened Mother and one or more of his six children, none of the evidence definitively and conclusively demonstrates that he specifically threatened Child. Accordingly, the ALJ was

bound to sustain Father's appeal. To hold otherwise would have required the ALJ to base a determination of Child's abuse on "suspicion or conjecture or piling inference upon inference." *Id.* at 691 (quoting *Commonwealth v. Turner*, 133 A.2d 187, 199 (Pa. 1957)).

Accordingly, for the foregoing reasons, we affirm BHA's order.[8]

_____
DAN PELLEGRINI, Senior Judge

---

[8] CYF also contends that the ALJ erred because "[t]his Court held in *D.M.* that where a perpetrator pleads guilty to a count of harassment involving the same factual circumstances involved in the allegation of child abuse, the founded report is sustained." (CYF's Brief at 13.) Because of the manner that we dispose of this matter, we need not reach this issue.

In any event, *D.M.* involved a perpetrator making comments and attempting to engage in sexual activities with a female child while grabbing his penis. Such conduct clearly constituted "child abuse" because it involved "[t]he employment, use, persuasion, inducement, enticement or coercion of a child to engage in or assist another individual to engage in sexually explicit conduct" – *i.e.*, "sexual abuse or exploitation." 23 Pa.C.S. § 6303(a)(1), (b.1)(4). Conversely, Father's alleged verbal threat to Child does not meet the definition of "child abuse" because he did not "[c]aus[e] bodily injury to a child through any recent act or failure to act." 23 Pa.C.S. § 6303(b.1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Department of     :
Children, Youth and Families,      :
           Petitioner           :
                              :
           v.                 : No. 1812 C.D. 2017
                              :
Department of Human Services,    :
           Respondent          :

**O R D E R**

AND NOW, this 26<u>th</u> day of <u>June</u>, 2018, the order of the Commonwealth of Pennsylvania, Department of Human Services, Bureau of Hearings and Appeals, in the above-captioned matter, is affirmed.

_____
DAN PELLEGRINI, Senior Judge