**[J-48-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| J.F., | : | No. 72 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated March |
| | : | 7, 2019 at No. 462 C.D. 2018 |
| v. | : | Reversing the Order of the |
| | : | Department of Human Services, |
| | : | Bureau of Hearings and Appeals, |
| DEPARTMENT OF HUMAN SERVICES, | : | dated March 28, 2018 at Nos. 021- |
| | : | 17-0824 and 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 and |
| Appellant | : | Remanding for hearing. |
| | : | |
| | : | ARGUED:  May 21, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                                    **DECIDED:  February 17, 2021**

Under the plain language of the Child Protective Services Law (CPSL), an identified perpetrator in a child abuse investigation, who subsequently enters into an Accelerated Rehabilitative Disposition (ARD) program with regard to criminal charges stemming from the same incident, is not entitled to an administrative hearing to challenge the designation of the investigative report as founded.  Accordingly, I dissent.

As the Majority notes, "[a] report is 'founded' as a result of a determination or disposition made by a judicial authority, **external to DHS**, but in reliance on the same factual circumstances involved in the allegation of child abuse."  Majority Op. at 3 (citing 23 Pa.C.S. § 6303(a) (definition of "founded report") (emphasis added)).[1]  The list of dispositions external to DHS that may serve as a basis for a founded report are as follows:

_____
[1] Whereas an "indicated report" is determined by DHS, and thus subsequently subject to review by the same.  Specifically, an "indicated report" is "a report of child abuse made

**"Founded report."** A child abuse report involving a perpetrator that is made pursuant to this chapter, if any of the following applies:

(1) There has been a judicial adjudication based on a finding that a child who is a subject of the report has been abused and the adjudication involves the same factual circumstances involved in the allegation of child abuse. The judicial adjudication may include any of the following:

>   (i) The entry of a plea of guilty or nolo contendere.
>
>   (ii) A finding of guilt to a criminal charge.
>
>   (iii) A finding of dependency under 42 Pa.C.S. § 6341 (relating to adjudication) if the court has entered a finding that a child who is the subject of the report has been abused.
>
>   (iv) A finding of delinquency under 42 Pa.C.S. § 6341 if the court has entered a finding that the child who is the subject of the report has been abused by the child who was found to be delinquent.

**(2) There has been an acceptance into an accelerated rehabilitative disposition program and the reason for the acceptance involves the same factual circumstances involved in the allegation of child abuse.**

23 Pa.C.S. § 6303 (emphasis added).

The CPSL contains no mechanism for challenging the founded report, as the designation was not, or no longer, triggered by an investigation and assessment made by the agency, but rather by the indicated perpetrator taking criminal responsibility through

---

pursuant to this chapter if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following: (i) Available medical evidence. (ii) The child protective service investigation. (iii) An admission of the acts of abuse by the perpetrator." 23 Pa.C.S. § 6303.

judicial adjudication.[2]  As prescribed by the statute, a founded report may be expunged for the following reasons.

> **(c.1) Founded reports.--**A person named as a perpetrator in a founded report of child abuse must provide to the department a court order indicating that the underlying adjudication that formed the basis of the founded report has been reversed or vacated.

23 Pa.C.S. § 6341(c.1).

The Lancaster County Children and Youth Services (CYS) filed a motion to dismiss J.F.'s request for review or hearing.  J.F. argued the motion should be denied on the basis there had not been an adjudication of child abuse in the court of law.  The Administrative Law Judge (ALJ) correctly granted CYS's motion to dismiss J.F.'s appeal without a hearing after J.F. entered the ARD program, noting the circumstances leading to the child abuse reports and the criminal charges were identical.  DHS Bureau of Hearings and Appeals (Bureau) subsequently adopted the ALJ's recommendation.

---

[2] Section 6341 contains an express mechanism for challenging an indicated status to DHS, the agency responsible for the designation.

> (2) Any person named as a perpetrator, and any school employee named, in an indicated report of child abuse may, within 90 days of being notified of the status of the report, request an administrative review by, or appeal and request a hearing before, the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. The request shall be in writing in a manner prescribed by the department.

23 Pa.C.S. § 6341(a)(2).  A refusal of administrative review results in a right to appeal and request a hearing to review the agency's determination which was within their discretion.  *Id.* at § 6341(c).  Instantly, J.F. initially requested review or a hearing from the July 6, 2017 notice from DHS that her reports' status was indicated and that she would be "listed in the statewide database for child abuse as a perpetrator of an indicated report of child abuse."  DHS Notice dated 7/6/17.  While the request for review or a hearing was pending, J.F. entered into the ARD program and the status of the pending reports were changed from indicated to founded.

Nevertheless, the Commonwealth Court reversed the Bureau and held J.F. was entitled to an administrative hearing. *J.F. v. Dep't of Human Services*, 204 A.3d 1042 (Pa. Cmwlth. 2019). The Commonwealth Court relied on two cases to support its remand for an administrative hearing, *J.G. v. Dep't of Public Welfare* 795 A.2d 1089 (Pa. Cmwlth. 2002), and *R.F. v. Dep't of Public Welfare*, 801 A.2d 646 (Pa. Cmwlth. 2002).

In *J.G.* the Bureau dismissed J.G.'s appeal on the basis there is no right to appeal from a founded report under the CPSL. Relevantly, the initial report of child abuse indicated J.G., mother, and C.M., father, as suspected perpetrators of abuse against their two-month-old son. A dependency hearing was held and the trial court adjudicated the child dependent, finding the child was abused while in the care of both parents. Based on this judicial adjudication, the status of the report was changed to founded. The Commonwealth Court reversed, holding "Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, provides that '[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.'" *J.G.*, 795 A.2d at 1092. Further, as cited by the Majority, the *J.G.* Court held "[a] founded report of child abuse constitutes an 'adjudication' as it is a final determination which that affects a named perpetrator's personal rights by branding him or her as a child abuser in a Statewide central register of child abuse." *Id.* The rationale following the court's reversal, however, is necessary to the future application of its holding.

> A report is deemed "founded" if there has been any judicial adjudication based upon a "finding that a child who is a subject of the report has been abused." Section 6303 of the Law, 23 Pa.C.S. § 6303. According to the Law, a judicial adjudication of abuse includes "the entry of a plea of guilty or nolo contendere or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse." *Id.* These adjudications encompass not only a judicial finding that the child has been

abused, but that the perpetrator has been found guilty of abuse in a criminal proceeding. Where a founded report is based upon such an adjudication, an appeal would, in most instances, constitute a collateral attack of the adjudication itself, which is not allowed.[8] *Moeller v. Washington County,* [ ] 44 A.2d 252, 254 ([Pa.] 1945) ("It is an established principle of law ... that a judgment, order or decree rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to collateral attack in any other proceeding.").

Where, however, a founded report is based upon a judicial adjudication in a non-criminal proceeding, such as a dependency action, in which the court enters a finding that the child was abused, but does not issue a corresponding finding that the named perpetrator was responsible for the abuse, a named perpetrator is entitled to an administrative appeal before the secretary to determine whether the underlying adjudication of child abuse supports a "founded report" of abuse. We emphasize that the scope of the appeal is for the limited purpose of determining whether or not the underlying adjudication supports a founded report that the named perpetrator is responsible for the abuse and would not permit a named perpetrator to collaterally attack or otherwise challenge the underlying judicial adjudication.

--------------------------------------------------------------------------------
[8] The only proper way to challenge the judicial adjudication would be to file an appeal where the adjudication has been rendered.

*Id.* at 1092–93. On this rationale, the Commonwealth Court determined that "the underlying adjudication relied upon . . . merely indicates a finding that A.M. was abused, and does not contain a definitive finding that J.G. is guilty of that abuse, J.G. is entitled to an administrative appeal to determine whether the adjudication of abuse constitutes sufficient evidence to support a founded report that J.G. committed that abuse." *Id.* at 1093. Accordingly, the basis for granting a hearing was for the limited purpose of determining if J.G. was the perpetrator. In subsequent opinions, the Commonwealth Court has noted "The CPS Law does not provide a right to appeal for perpetrators named in a founded report. However, pursuant to the Administrative Agency Law, a founded

report of child sexual abuse is appealable for the 'limited purpose of determining whether or not the underlying adjudication supports a founded report that the named perpetrator is responsible for the abuse.'" *D.M. v. Dep't of Pub. Welfare*, 122 A.3d 1151, 1155, n.3 (Pa. Cmwlth. 2015) (citing *J.G.,* 795 A.2d at 1093). Instantly, J.F. was the only identified perpetrator in the report, and is not challenging identity.

In *R.F.*, Berks County Children and Youth Services received a report R.F. was sexually abusing his daughter and opened an investigation. Additionally, CYS referred the matter to law enforcement and criminal charges were filed. CYS changed the status of its report to indicated, and R.F. subsequently pled *nolo contendere* to Endangering the Welfare of a Child. Following R.F.'s guilty plea, the status of the child abuse report was changed to founded in accordance with 23 Pa.C.S. § 6303. R.F. appealed "contending that in his *nolo contendere* plea, he did not plead guilty to any sexual abuse and that was a condition of his plea." *R.F.*, 801 A.2d 648. On appeal the Commonwealth Court noted that in *J.G.* "while we held that there was a right to appeal, we specifically noted that in a criminal proceeding, where there is an entry of a guilty plea or *nolo contendere* or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse, an appeal would 'in most instances, constitute a collateral attack of the adjudication itself, which is not allowed.'" *Id.* at 649 (citing *J.G.*, 795 A.2d at 1093). However, the court ultimately found that because R.F. "entered a plea of *nolo contendere* to the charge against him of endangering the welfare of a child, but contends that his plea is unrelated to child sexual abuse . . . R.F. does not challenge the criminal *nolo contendere* plea but only challenges the designation of a founded status, he is not collaterally attacking the trial court's determination but only the characterization given to that plea." *R.F.*, 801 A.2d at 649.

Neither of these cases support the sweeping expansion of today's Majority decision. While I am in agreement that there are circumstances, such as those in the aforementioned cases, where a hearing may be necessary for a limited purpose, the holding of the Majority rewrites the statute to add that all founded reports are entitled to a hearing.[3] At a minimum, the Majority affords a hearing in every circumstance where the founded designation is based on entry into ARD in direct contravention of the Legislature's inclusion of Section 6303(2).

In so doing, the Majority ignores the plain language of Section 6303(2) of the CPSL which explicitly determined entry into an ARD program results in a designation of the child abuse investigative report as founded. Further, the Majority ignores that definition of "founded' in Section 6303 was amended in 2013, after *J.G.* and *R.F.*, to specifically include subsection (2) pertaining to ARD.

Instantly, J.F. entered the ARD program for both counts of "endangering the welfare of children" as a result of leaving her 15-month-old twins home alone from approximately 1:00 a.m. until 7:00 a.m., when a wellness check by law enforcement was conducted following her hospitalization after being found semi-unconscious around 1:30 a.m. The statutory definition is as follows.

**§ 4304. Endangering welfare of children**

**(a) Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

---

[3] Judge Wojcik noted this in dissent, arguing the Commonwealth Court's decision expanded the law to afford an evidentiary hearing to all DHS founded reports.

18 Pa.C.S. § 4304(a)(1). Likewise, the county agency noted its basis for indicating the reports was "serious physical neglect of a child," and "repeated, prolonged, or egregious failure to supervise." Child Protective Services Investigation/Assessment Outcome Reports at 7. In the Commonwealth Court, J.F. argued "an ARD disposition on charges of endangering the welfare of children pursuant to 18 Pa.C.S.A. 4303 does not provide a basis for child abuse." Petition for Review, 4/6/18, at ¶ 16. Further, she argued a founded report of child abuse is only "issued where there has been an adjudication of child abuse in a court of law." *Id.* at ¶ 17.

These statements are contrary to the plain language of the statute which clearly states a basis for a "founded" report where "[t]here has been an acceptance into an accelerated rehabilitative disposition program and the reason for the acceptance involves the same factual circumstances involved in the allegation of child abuse." 23 Pa.C.S. § 6303 (definition "founded report"). Thus, J.F.'s sole argument is that "without a record of the proceeding to review, there is no reliable way to determine" whether the ARD is based on the "same factual circumstances involved in the allegation of child abuse." Petition for Review, 4/6/18, at ¶ 22. Nevertheless, it is clear the plain language of the statute indicated that if J.F. entered into an ARD program the status of her reports would change to founded. Requiring a factual record to review would negate the inclusion of ARD in subsection (2) of 6303.

As the dissent in the Commonwealth Court noted, the Majority reframed J.F.'s challenge to a due process claim that was never raised. J.F. failed to allege a basis for a hearing (i.e., that she was incorrectly identified, or pled guilty to a charge other than the one in the child abuse report). Rather, she entered an ARD program on criminal charges stemming from the same incident as the child abuse reports, thus triggering the "founded" status in Section 6303 of the CPSL.

Accordingly, I would reverse the Commonwealth Court's decision granting an administrative hearing and affirm the Bureau.