# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tioga County Department of : 
Human Services, :
     Petitioner : **CASE SEALED**
        :
    v.   : No. 667 C.D. 2016
        : Submitted: September 23, 2016
Department of Human Services, :
     Respondent :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COHN JUBELIRER    **FILED: December 28, 2016**


  Tioga County Department of Human Services (CYS) petitions for review of the March 29, 2016 Remand Order of the Department of Human Services (Department),[1] Bureau of Hearings and Appeals (Bureau), adopting the Adjudication and Recommendation of an Administrative Law Judge (ALJ), which sustained L.L.'s appeal and request to expunge an indicated report[2] naming him as

---

[1] The General Assembly recently redesignated the Department of Public Welfare as the Department of Human Services. Section 103 of the Act of June 13, 1967, P.L. 31, added by the Act of September 24, 2014, P.L. 2458, 62 P.S. § 103.

[2] An "indicated report" is "a report of child abuse made . . . if an investigation by the [D]epartment or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following": available medical evidence, the child protective service investigation, or an admission of the acts of abuse by the perpetrator. 23 Pa. C.S. § 6303.

a perpetrator of sexual abuse of a child on the ChildLine Registry (Registry)[3] under the Child Protective Services Law (CPSL), 23 Pa. C.S. §§ 6301-6386, and directing the Department to expunge the indicated report from the Registry. Because we conclude that the Order of Remand directing the Bureau to hold a hearing was not clear about what issues the hearing was to address, we vacate and remand.

On February 13, 2004, CYS received an oral report that alleged L.L. had sexually abused a child during the years of 2000-2004. (Child Protective Service Investigation Report (CY-48), R.R. at 8a.) CYS thereafter conducted a child protective services investigation and generated the CY-48 report. (Id.) The report also stated that the child gave a written statement to the Pennsylvania State Police, and that L.L. admitted to the police that he engaged in the above conduct with the child. (Id.) Based on its investigation, CYS filed an indicated report of child abuse naming L.L. as the perpetrator of sexual abuse of the child. (R.R. at 9a.)

By letter mailed March 19, 2004, the then-Department of Public Welfare (DPW), Office of Children, Youth and Families (CYF), ChildLine & Abuse Registry, notified L.L. that he was listed on the Registry as a perpetrator in an indicated report of child abuse, that "[t]he report w[ould] remain on file in the state and county offices until 23 years after the child's birth[,]" and that he could appeal the report, in writing, within 45 days from the date of the notice, if he believed the report was inaccurate or not being maintained in accordance with the CPSL. (R.R. at 11a.) The letter also stated that if the request was denied, "perpetrators may

---

[3] The ChildLine Registry is a unit of the Department that operates a statewide toll-free system for receiving and maintaining reports of suspected child abuse, along with making referrals for investigation. See 55 Pa. Code § 3490.4. The ChildLine Registry is maintained in accordance with the CPSL.

have a right to a hearing." (Id.) On April 26, 2004, L.L. timely appealed the report, arguing that the abuse never happened and that "[t]he child recanted her story a few days after it was reported and said that she had made everything up." (Appeal/Request, received May 3, 2004, R.R. at 12a.) L.L. also requested that the status of the report be changed to unfounded and expunged from his record. (Id.) By letter mailed August 16, 2004, CYF denied L.L.'s expungement request because it determined the report was accurate and being maintained in accordance with the law, and advised L.L. that he had the right to a hearing before the Secretary of DPW, now, the Secretary of Human Services (Secretary), or its designee, the Bureau, and if he so desired, he was asked to "please submit [his] request <u>in writing</u> within 45 days of the date of th[e] letter." (R.R. at 14a (emphasis in original).) L.L. did not request a hearing.

On September 30, *2015*, L.L. wrote to the Department requesting that the case be expunged because state law requires that it be expunged on the child's 23rd birthday and the child is now more than 23 years old. (Appeal, received on Oct. 7, 2015, R.R. at 15a.) L.L. also stated that the case was dismissed in court, and that "[t]he Judge ordered all records associated with the case be expunged." Id. He requested that the Department "please handle this matter and send [him] an updated report." (Id.) On November 13, 2015, the Acting Bureau Director of the Bureau of Policy, Programs and Operations wrote a letter to the Director of the Bureau apparently considering L.L.'s September 30, 2015 letter as a request for a hearing. The Acting Bureau Director's letter noted that "**the request was not filed within the 90-day time period**" under 23 Pa. C.S. § 6341(a)(2), but directed that a hearing be scheduled "on this request." (R.R. at 5a (emphasis in original).)

3

On November 17, 2015, a Rule to Show Cause was issued by the Bureau requiring L.L. to provide a signed response within 10 days to correct his improper filing, as his September 30, 2015 letter did not have a signature (only a typed signature), and this was a jurisdictional defect. (ALJ Adjudication, Dec. 2, 2015, Finding of Fact (FOF) ¶¶ 1-5.) The Rule to Show Cause stated that failure to respond within 10 days (by November 27, 2015) would result in dismissal of the appeal. (FOF ¶ 5.) The Bureau received L.L.'s signed response on November 30, 2015, with a postmark date of November 28, 2015, which is one day late. (FOF ¶¶ 6-7.) Because L.L. "improperly filed the appeal without a signature resulting in a jurisdictional defect and failed to respond before the expiration of the . . . Rule to Show Cause," the ALJ recommended that L.L.'s appeal be dismissed; the Bureau adopted the ALJ Adjudication and Recommendation in its entirety via order dated December 4, 2015. (ALJ Recommendation, Dec. 2, 2015, R.R. at 18a; Order, Dec. 4, 2015, R.R. at 17a.)

L.L. timely requested reconsideration of the order on December 11, 2015, stating that "[t]he court ordered all materials from all agencies involved expunged" and that "the [defendant] admitted in court that her whole story is fabricated. She refused to testify and the judge dismissed the case." (Application for Reconsideration Form, R.R. at 22a.) He cited to 55 Pa. Code § 3490.39, which requires that the Registry expunge founded and indicated reports when the child reaches 23 years of age or older, and he mentioned that he forgot to sign the appeal. L.L. also submitted a signed letter, dated December 11, 2015, which indicated the same as in his request for reconsideration. Additionally, he explained that he recently moved back to Pennsylvania from out of state and that he had coached all age groups from 5 to 12, both female and male, for the past 11 years

4

without incident. (R.R. at 23a.) He also attached a State Police "Response for Criminal Record Check" and a newspaper article stating that "the alleged victim . . . has recanted, according to court documents." (R.R. at 24a-25a.)

On December 17, 2015, the Secretary granted L.L.'s request for reconsideration and remanded his appeal to the Bureau, directed the Bureau "to conduct a hearing on the merits of this matter," and suggested that L.L. obtain legal assistance with his appeal. (Order of Remand, R.R. at 26a.) A hearing was held before a different ALJ on February 18, 2016. CYS appeared with one witness, a CYS Supervisor, while L.L. did not appear at the hearing.

CYS Supervisor testified that he worked for CYS since 1974. (Hr'g Tr. at 10.) He stated that CYS received notice of the hearing, and notice that L.L. wanted to clear his record, but that CYS did not receive any copies of L.L.'s requests or documents filed with the Department. (Id. at 11.) CYS Supervisor stated that L.L.'s case was expunged on December 19, 2013, which included all records related to the case, but not the indicated report.[4] (Id. at 11-12.) CYS Supervisor testified that L.L. did not meet the requirements for a *nunc pro tunc* appeal because he appealed and requested a hearing 11 years too late. He further explained that "[t]here is no statutory entitlement to have [L.L.'s] indicated report expunged merely because the victim[-]child reached the age of 23." (Id. at 22.)[5] In the alternative, CYS Supervisor recognized the Secretary's "very broad authority to, at

---

[4] We note that the Registry "will notify the county agency and the perpetrator of any expunction of a report of child abuse, except when the expunction is the result of the Secretary's decision, in which case the county agency and all subjects shall be notified." 55 Pa. Code § 3490.40(b).

[5] The Department's regulations provide that the Registry "shall expunge founded and indicated reports when a subject child is 23 years of age or older[,]" with certain exceptions. 55 Pa. Code § 3490.39(a).

5

any time, amend or expunge any record upon good cause shown" under 23 Pa. C.S. § 6341(a)(1), and that the burden is on L.L. (Id. at 23.) However, CYS Supervisor testified that L.L. did not show good cause for expungement. (Id. at 23-24.) At the end of CYS Supervisor's testimony, the County Solicitor indicated that he never received anything indicating that L.L. was asking for an appeal on the merits, and he assumed L.L. was proceeding under 23 Pa. C.S. § 6341(a)(1), but the County Solicitor did not know what the good cause was that L.L. was alleging. (Id. at 27.)

In the adjudication, the ALJ construed the directive to conduct a hearing on the merits as requiring it to determine "[w]hether the Department is maintaining an indicated report of child abuse against . . . [L.L.] in a manner consistent with the applicable regulations concerning an allegation of sexual abuse inflicted upon the subject child." (ALJ Remand Adjudication, Issue, R.R. at 30a.) This formulation of the issue resulted in the burden resting on CYS to establish that the alleged child abuse occurred. (FOF ¶ 9; ALJ Opinion, R.R. at 35a.) The ALJ acknowledged that L.L. failed to appear, and that the subject child also did not appear or testify, and that "CYS was unable to determine the subject child's identity because all evidence and information regarding the indicated report was expunged upon the subject child turning the age of 23." (FOF ¶ 8.) Nonetheless, because CYS could not present evidence of the alleged sexual abuse that occurred between L.L. and the subject child, the ALJ concluded that CYS did not meet its burden, and the indicated report could not be maintained. (R.R. at 35a.) The ALJ noted CYS's arguments that the appeal was untimely filed and that L.L. was not entitled to *nunc pro tunc* relief, but believed the Order of Remand directed only a review of the "merits." (R.R. at 35a.) Therefore, the ALJ recommended that the Department sustain L.L.'s appeal and expunge the indicated report from the Registry. (Remand

6

Recommendation, R.R. at 28a.) By Remand Order dated March 29, 2016, the Bureau adopted the ALJ Recommendation in its entirety. (Remand Order, R.R. at 27a.) CYS now petitions this Court for review.[6]

On appeal, CYS argues, *inter alia*, that the Bureau erred in scheduling a hearing on the merits of the indicated report of child abuse more than 11 years after the statutory deadline set forth in 23 Pa. C.S. § 6341(a)(2). CYS contends that such action by the Bureau placed an impossible burden on it because it is not possible for CYS to prove the facts of an indicated report of child abuse more than 11 years after the abuse occurred and after CYS complied with the CPSL to destroy records relating to the abuse upon the child turning 23 years of age. CYS also acknowledges in its brief that L.L. could have contested an indicated report of child abuse under 23 Pa. C.S. § 6341(a)(1). However, CYS argues that because L.L. did not appear at the hearing or present any evidence of good cause, which is required under Section 6341(a)(1), he did not meet his burden, and that he abandoned his appeal.

In response, the Department asserts that L.L.'s request was treated as a request for a hearing under 23 Pa. C.S. § 6341*(a)(2),* and based upon L.L.'s claims that: he was incorrectly told that the records would be entirely expunged when the victim-child reached age 23; the abuse never occurred; the victim-child recanted her statement that she was abused; and that L.L. coached all age groups for the past 11 years without incident, the Department contends that the Secretary properly remanded the matter to the Bureau for a hearing on the merits. The Department

---

[6] This Court's review considers whether the appellant's constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. G.M. v. Dep't of Pub. Welfare, 957 A.2d 377, 379 n.1 (Pa. Cmwlth. 2008).

7

also recognizes that an individual's right to his or her reputation requires due process under the Pennsylvania Constitution, especially where one is seeking expungement under the CPSL, and the Secretary takes this into consideration when reviewing child abuse requests for reconsideration. The Department contends that the Secretary properly exercised his discretion under 23 Pa. C.S. § 6341*(a)(2)*, and that it was unnecessary for the Secretary or Bureau to also evaluate whether L.L. presented good cause under 23 Pa. C.S. § 6341*(a)(1)*.

We begin with a review of 23 Pa. C.S. § 6341*(a)(1) and (a)(2)*, the statutory language at issue. Section 6341*(a)(1)* of the CPSL provides, as follows:

> **(a) General rule.--**Notwithstanding section 6338.1 (relating to expunction of information of perpetrator who was under 18 years of age when child abuse was committed):
>
> (1) *At any time*, *the secretary may amend or expunge any record* in the Statewide database under this chapter *upon good cause shown* and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by the department. For purposes of this paragraph, *good cause shall include, but is not limited to*, the following:
>
> (i) Newly discovered evidence that an indicated report of child abuse is inaccurate or is being maintained in a manner inconsistent with this chapter.
>
> (ii) A determination that the perpetrator in an indicated report of abuse no longer represents a risk of child abuse and that no significant public purpose would be served by the continued listing of the person as a perpetrator in the Statewide database.

23 Pa. C.S. § 6341(a)(1) (emphasis added). Section 6341*(a)(2)* of the CPSL provides, as follows:

8

(2) *Any person named as a perpetrator*, and any school employee named, in an indicated report of child abuse *may, within 90 days[7] of being notified of the status of the report*, request an administrative review by, or appeal and request a hearing before, the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. The request shall be in writing in a manner prescribed by the department.

23 Pa. C.S. § 6341(a)(2) (emphasis added). Thus, under Section 6341(a)(1), at any time, the Secretary may amend or expunge a record, "upon good cause shown." However, under Section 6341(a)(2), there is a time period (now 90 days, previously 45 days) within which a person named as a perpetrator may request a review or hearing after having been notified of the status of the indicated report. This Court has also held that a petitioner can request a hearing *after* the time period *only* if he or she "can demonstrate the basis for a *nunc pro tunc* appeal."[8] C.S. v. Dep't of Pub. Welfare, 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005) (petitioner was entitled to file a *nunc pro tunc* appeal where he proved that he did not receive notice that complied with the statute).

In this case, L.L. was notified of the status of the indicated report of child abuse by letter mailed March 19, *2004*, and he did not thereafter request a hearing within the statutory time period in which he could do so, then 45 days. Therefore, he did not meet the time period in Section 6341(a)(2) to request a hearing to expunge the indicated report "on the grounds that it is inaccurate or it is being

---

[7] The 45-day deadline was set forth in 23 Pa. C.S. § 6341(a)(2). As of December 31, 2014, the law was amended, enlarging the time in which an alleged perpetrator must appeal a refusal of a request for review from 45 days to 90 days.

[8] "An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his or her counsel or a third party." H.D. v. Dep't of Pub. Welfare, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

maintained in a manner inconsistent with this chapter," which would have placed the burden of proof on CYS. Consequently, in order to receive relief under Section 6341(a)(2), L.L. would have the burden of demonstrating a basis for *nunc pro tunc* relief.

The Department argues in its brief that the Secretary had discretion to order a hearing under Section 6341(a)(2), given the recognized and protected constitutional right to reputation, if the Secretary "accepted L.L.'s understanding of the circumstances to be correct: that L.L. was incorrectly told that the records would be entirely expunged when the victim-child reached the age of 23, that a civil judge had ordered the CY-48 expunged, and that the victim-child had recanted . . . ," and that it was unnecessary to evaluate the matter under Section 6341(a)(1), which requires good cause. (Dep't's Br. at 12.) This is incorrect. Under Section 6341(a)(2), L.L. had the right to a hearing upon either a timely-filed request, or if the request was untimely, upon demonstrating a basis for *nunc pro tunc* relief. Otherwise, the Secretary had to evaluate the matter under Section 6341(a)(1), which does require good cause. However, in this case, because L.L. did not appear at the hearing, there was no evidence to prove what were only allegations in L.L.'s requests, namely what L.L. was told, the civil court order L.L. alleges ordered the CY-48 expunged, or evidence that the victim-child had recanted. Thus, there was no evidence for the Secretary to credit demonstrating either a basis for *nunc pro tunc* relief or good cause.

However, the Order of Remand directed that the Bureau conduct a hearing "on the merits of this matter" without explanation. (Order of Remand, R.R. at 26a.) There was no citation to the CPSL, the Department's regulations, or any other case law indicating under what authority, precisely, the Secretary was acting.

10

Therefore, it was unclear what issues the hearing was to address and, therefore, which party was to bear the burden of proof at the hearing.

Based on our discussion above, the Order of Remand should have specified that the hearing would determine whether L.L. was entitled to *nunc pro tunc* relief under Section 6341(a)(2) or whether he could show good cause under Section 6341(a)(1). Because the Order of Remand directing the Bureau to hold a hearing was not clear, we are not satisfied that L.L. was aware that *he* bore the burden of proof at the hearing to establish either his entitlement to *nunc pro tunc* relief or good cause for the Secretary to expunge his records, and thus needed to present his case at the hearing.

Accordingly, we vacate the Remand Order of the Department, adopting the Adjudication and Recommendation of the ALJ, and remand the case to the Bureau to conduct a hearing in accordance with this opinion.

_____
**RENÉE COHN JUBELIRER,** Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tioga County Department of     :
Human Services,                 :
               Petitioner    :   **CASE SEALED**
                              :
          v.              :   No. 667 C.D. 2016
                              :
Department of Human Services,   :
              Respondent   :

## O R D E R

**NOW**, December 28, 2016, the March 29, 2016 Remand Order of the Department of Human Services, Bureau of Hearings and Appeals (Bureau), entered in the above-captioned matter, is **VACATED**, and the matter is **REMANDED** to the Bureau to conduct a new hearing in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge