## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.O., | : | |
| Petitioner | : | |
| | : | No. 1347 C.D. 2018 |
| v. | : | SUBMITTED: June 3, 2019 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | **CASE SEALED** |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                                   **FILED:  June 27, 2019**

M.O. petitions for review of the order of the Department of Human Services, Bureau of Hearings and Appeals (DHS), entered in September 2018 on the recommendation of an Administrative Law Judge (the ALJ), dismissing M.O.'s appeal of an indicated (and later "founded") report of child abuse.  We reverse and remand for an administrative hearing on the merits.

The facts can be summarized as follows.  In June 2017, M.O. was a staff member at a school for juvenile offenders (the School).  J.B. was a sixteen-year-old student at the School.  On June 30, 2017, an incident occurred at the School during which M.O. allegedly pushed J.B. against a wall resulting in a laceration to J.B.'s head.  In August 2017, the Office of Children, Youth and Families (OCYF) completed a Child Protective Services Investigation Report, which determined that M.O. caused bodily injury to J.B.  In October 2017, OCYF mailed M.O. a notice

advising him that he was listed on the ChildLine Registry as a perpetrator in an indicated report of child abuse.

Parallel to the child abuse report proceeding and also arising from the June 2017 incident at the School, M.O. was criminally charged in October 2017 with simple assault, a misdemeanor of the second degree, and harassment, a summary offense. M.O. appealed OCYF's indicated report and was granted a stay until disposition of the pending criminal charges. Shortly before the scheduled trial on the simple assault and harassment charges, the prosecutor offered to allow M.O. to plead guilty solely to harassment. M.O. entered a negotiated plea in April 2018 *without* the prosecution or M.O. entering any factual basis for the plea into the record. In June 2018, OCYF converted M.O.'s indicated report of child abuse to "founded" based on the guilty plea. Counsel for OCYF filed a motion to dismiss a short time later, contending that the appeal should not proceed to an administrative hearing because M.O. had pled guilty. M.O. filed a reply to the motion to dismiss. On September 18, 2018, DHS dismissed M.O.'s appeal without a hearing.

As he did before DHS, M.O. argues in this appeal that without a hearing, the guilty plea to the summary charge of harassment was not substantial evidence that he was a perpetrator of child abuse under the Child Protective Services Law (Law), 23 Pa.C.S. §§ 6301-6386. M.O. argues that given the circumstances of his guilty plea, he was entitled to a hearing with a full and fair opportunity to create a record and defend himself before being listed as a perpetrator of child abuse. DHS argues that the guilty plea was sufficient because the charge involved the same factual circumstances as the child abuse investigation and that M.O. is attempting to collaterally attack his criminal conviction.

Under Section 6303 of the Law, 23 Pa.C.S. § 6303 (relating to definitions), a "perpetrator" is "[a] person who has committed child abuse as defined in this section." *Id.* "Child abuse" means "*intentionally, knowingly or recklessly doing*" any act enumerated at 23 Pa.C.S. § 6303(b.1), including "*[c]ausing bodily injury* to a child through any recent act." 23 Pa.C.S. § 6303(b.1)(1) (emphasis added); 55 Pa. Code § 3490.4 (relating to definitions). An "indicated report" of child abuse is made "if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists." 23 Pa.C.S. § 6303(a). Under certain circumstances, an indicated report may be converted into a "founded report." One such circumstance is a "judicial adjudication based on a finding that [the] child who is a subject of the report has been abused and the adjudication involves the *same factual circumstances involved in the allegation of child abuse*." *Id.* (emphasis added). Such judicial adjudication may include a guilty plea. *Id.*

This Court has held that, pursuant to this statutory paradigm, if it is demonstrated that the facts established by the judicial adjudication and the indicated report are *identical*, the report is properly designated as a founded report. *C.F., IV v. Dep't of Human Servs.*, 174 A.3d 683, 688 (Pa. Cmwlth. 2017); *D.M. v. Dep't of Pub. Welfare*, 122 A.3d 1151, 1155 (Pa. Cmwlth. 2015). This is so because the judicial adjudication, in and of itself, normally encompasses "not only a judicial finding that the child has been abused, but that the perpetrator has been found guilty of abuse. . . ." *J.G. v. Dep't of Pub. Welfare*, 795 A.2d 1089, 1093 (Pa. Cmwlth. 2002). Consequently, "[w]here a founded report is based upon such an adjudication, an appeal would, in most instances, constitute a collateral attack of the adjudication itself, which is not allowed." *Id.*

Nonetheless, the act of converting an indicated report to founded status constitutes an agency action, thereby triggering due process protections. A founded report constitutes an adjudication under Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504. Section 504 provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." *Id.* Thus, a named perpetrator may appeal a founded report for the limited purpose of determining whether or not the underlying adjudication supports the founded report. *J.G.*, 795 A.2d at 1093. "[A]n administrative adjudication of suspected child abuse is of the most serious nature. Therefore, this society, which was founded upon, *inter alia*, its citizens' 'inherent and indefeasible rights . . . of acquiring, possessing and protecting property and reputation,' cannot blithely surrender those rights. . . ." *A.Y. v. Dep't of Pub. Welfare,* 641 A.2d 1148, 1152 (Pa. 1994) (quoting Pa. Const. art. I, § 1).

Even if a person is adjudicated guilty of an offense against a child, that person must have been adjudicated guilty for the same incident described in the *indicated report* and for an *act that rendered him a "perpetrator"* under the Law. *C.F., IV,* 174 A.3d at 688; *see also G.M. v. Dep't of Pub. Welfare*, 957 A.2d 377, 380–81 (Pa. Cmwlth. 2008); *R.F. v. Dep't of Pub. Welfare*, 845 A.2d 214, 218 (Pa. Cmwlth. 2004). In the instant case, although M.O. was charged with both simple assault and harassment, M.O. pled guilty only to the summary harassment charge and the misdemeanor simple assault charge was dismissed. Harassment is defined under Section 2709 of the Crimes Code, 18 Pa.C.S. § 2709, in relevant part as follows:

> (a) Offense defined.--A person commits the crime of harassment when, with *intent to harass, annoy or alarm* another, the person:
>
>> (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

18 Pa.C.S. § 2709(a)(1). M.O. argues that the elements of harassment do not include serious injury (or any injury at all) and do not include the intent to harm, and thus do not constitute substantial evidence of child abuse under the Law. We agree.

The instant case is readily distinguishable from a case relied upon by DHS, *D.M.* In *D.M.*, a petitioner was charged with unlawful contact with a minor, harassment, open lewdness, and corruption of minors based upon the petitioner's conduct toward a child victim, but pled guilty only to harassment. 122 A.3d at 1154. Similar to M.O., the petitioner in *D.M.* argued that his guilty plea to harassment did not establish that he was a perpetrator within the meaning of the Law. *Id.* However, unlike this case, the trial court in *D.M.* filed a transcript of the petitioner's plea colloquy which established the underlying factual basis for the conviction. *Id.* This Court held that for a report to be given the status of "founded," there must be a judicial adjudication and the judicial adjudication must involve "the same factual circumstances involved in the allegation of child abuse." *Id.* at 1155 (quoting 23 Pa.C.S. § 6303). "Once DHS has demonstrated that the factual circumstances *of the judicial adjudication* and the report are the same, the report becomes a 'founded' report." *Id.* (emphasis added). In short, the facts adduced in the process of adjudicating the underlying criminal charge of harassment in *D.M.*, i.e., the guilty plea colloquy, factually corroborated the child abuse report with respect to "who, what, where, and when." *Id.*; *compare G.M.,* 957 A.2d at 380 (finding child sexual abuse report was founded based upon factual circumstances admitted during plea of

*nolo contendere* to corruption of minors) and *R.F.*, 845 A.2d at 218 (finding that child sexual abuse could not be inferred from guilty plea for endangering the welfare of a child when facts adduced during colloquy did not support such a finding). By contrast, in this case, M.O.'s guilty plea to harassment is memorialized in the record solely as a notation on the trial court's docket, with the charge of simple assault dismissed.

More similar is the case of *C.F., IV*, a case where a minor was adjudicated delinquent but the record was insufficient to establish whether he was fourteen years old or older when an offense for which he was adjudicated delinquent was committed (and thus could be considered a "perpetrator" under the Law). In *C.F., IV*, "[b]ecause the numerous sexual incidents outlined in the [juvenile affidavit of probable cause were] not coupled or conjoined in any manner with the counts in the [juvenile petition], it [was] unclear what conduct formed the basis for the individual counts." 174 A.3d at 689. In that case, we "simply [did] not know how the counts in the [p]etition match up with the particular allegations of misconduct, as well as [the p]etitioner's age at the time of each incident of misconduct when viewed in connection with the counts in the [p]etition." *Id.* The minor admitted two offenses in a juvenile admission form, "which is akin to a written guilty plea colloquy in a criminal case" and an addendum, but provided no details to "shed light on the factual basis that comprised his adjudication of delinquency" for indecent assault. *Id.* at 690. We stated as follows:

> Quite possibly, one could hypothesize . . . that it would make sense, or be somewhat logical, for [the p]etitioner to admit guilt [for a recent offense when the petitioner was fourteen years old]. This Court, however, declines to draw an inference in a cloud of fortuity and happenstance where nothing more than a gut feeling as to what is theoretically

6

plausible—but not actually proven—serves as our guide and foundation for a decision.

*Id.* As our Supreme Court has said, "[t]o be of independent probative value, [an] admission of guilt should be complete in itself if it is to establish the facts for which it is offered. It is not to be implemented by suspicion or conjecture or by piling inference upon inference." *Commonwealth v. Turner*, 133 A.2d 187, 189 (Pa. 1957) (quoted in *C.F., IV*, 174 A.3d at 691).

In this case, the guilty plea for harassment, standing alone, does not permit the supposition that the factual basis of the plea for harassment is the same as what was in the police report, charging documents, or child abuse report. The elements of the summary offense to which M.O. pled guilty do not include all the necessary elements of child abuse, and there were no factual admissions attendant to the plea proceedings to establish the elements of child abuse. Therefore, the requirements for a founded report were not met.

Accordingly, we reverse the adjudication of DHS and remand for an evidentiary hearing.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.O.,                :
        Petitioner      :
               :   No. 1347 C.D. 2018
      v.            :
               :
Department of Human Services,   :
        Respondent    :   **CASE SEALED**

# O R D E R

AND NOW, this 27th day of June, 2019, the above-captioned adjudication is hereby REVERSED and the case is REMANDED for an evidentiary hearing in accordance with the foregoing opinion. Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge