# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blair County Children, Youth    :
and Families',       :   **CASE SEALED**
                Petitioner   :
                              :
          v.             :   No. 1813 C.D. 2019
                              :   Submitted: December 8, 2020
                              :
Department of Human Services,   :
                Respondent   :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge[1]
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COHN JUBELIRER                FILED: January 6, 2021

Blair County Children, Youth and Families' (County) petitions for review of the Department of Human Services, Bureau of Hearings and Appeals' (Department) December 3, 2019 Order (Order) adopting the Administrative Law Judge's (ALJ) September 5, 2019 Recommendation (Recommendation). The ALJ recommended sustaining the alleged perpetrator's (Mother) appeal, thereby removing her name from the ChildLine and Abuse Registry (Registry) and amending her status on the Child Protective Services Investigation Report (CY-48) from founded to indicated.[2]

---

[1] The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

[2] An indicated report is one in which, after investigation by the Department or an agency, there is a determination that there is substantial evidence of child abuse by an alleged perpetrator. Section 6303 of the Child Protective Services Law (CPSL), 23 Pa.C.S. § 6303. The indicated report may change to a founded report if a judicial adjudication supports the founded report. *Id.* As discussed more fully below, a founded report may be sustained with evidence of a judicial

The ALJ determined that Mother's guilty pleas did not contain any specific findings of child abuse because there was no plea colloquy or transcript to prove the specific factual basis to which Mother pled guilty. On appeal, the County argues that the Department erred in granting an administrative hearing to Mother and erred in finding that the guilty pleas did not qualify as findings that the subject child (Child) was abused. Finding no error, we affirm the Department's Order.

## I. BACKGROUND

On July 5, 2018, both the County and the Altoona Police Department received a report that Mother had physically abused Child that same day by allegedly striking Child with a bat while attempting to strike Child's grandmother, causing injury to Child's arm. Following an investigation, the County filed an indicated report of child abuse against Mother. (ALJ's Recommendation, Finding of Fact (FOF) ¶ 2.) Meanwhile, on July 5, 2018, the Police Department charged Mother with multiple offenses. (*Id.* ¶ 14; *see also* Reproduced Record (R.R.) at 9a-11a.) On August 17, 2018, the Court of Common Pleas of Blair County issued an order accepting Mother's guilty pleas and sentencing Mother on the following charges: Endangering the Welfare of a Child, Simple Assault, and Recklessly Endangering Another Person. (FOF ¶¶ 15, 17.) Based on these pleas, the County changed Mother's status from indicated to founded. (*Id.* ¶ 18.)

On December 6, 2018, the Department notified Mother that she was listed in the Registry as a perpetrator of an **indicated** report of child abuse. (*Id.* ¶ 7.) Mother sent a timely request for review of the indicated report to the Department, to which the Department responded with a letter notifying Mother that the report was accurate

adjudication when there is a finding of abuse and "the adjudication involves the same factual circumstances involved in the allegation of child abuse." *Id.*

2

and being maintained consistent with the Child Protective Services Law[3] (CPSL). (*Id*. ¶¶ 8-9.) Mother thereafter filed an appeal, requesting an administrative hearing before an ALJ. (*Id*. ¶ 10.)

The County then filed a motion seeking dismissal of Mother's appeal (Motion). Therein, the County advised that it changed the status of the report from indicated to founded based upon Mother's guilty pleas and attached thereto documents related to Mother's criminal case. (*Id*. ¶ 22.) The Department issued a Rule to Show Cause (Rule) for Mother to show why the report was "not properly founded." (*Id*. ¶ 24; *see also* R.R. at 23a-27a.) Mother responded to the Rule, stating that she did plead guilty on the advice of counsel, but it was to see her children, and that she deserves a hearing to prove her case and show how she has been rehabilitated. (FOF ¶ 25; *see also* R.R. at 26a-28a.) On April 5, 2019, the ALJ denied the Motion, stating "sufficient cause exists to hold the regularly scheduled hearing on [] this administrative appeal." (FOF ¶ 26; *see also* R.R. at 29a.)

A hearing on the now founded report was held before the ALJ on May 24, 2019, at which Mother, appearing *pro se*, and a County child abuse caseworker (Caseworker) testified. (R.R. at 57a.) The ALJ summarized the testimony as follows:

> 32. [Caseworker] testified the report provides the [C]hild had been hit with a baseball bat while Mother and [the g]randmother were in an altercation.
>
> 33. [Caseworker] conducted an interview with [Mother] on July 5, 2018.
>
> 34. [Mother] told [Caseworker] that there was an incident regarding a cell phone charger with . . . a friend of [the grandmother] who was living at the house.

---

[3] 23 Pa.C.S. §§ 6301-6387.

35. [The friend] wanted his charger and went into [Mother's] bedroom to get it, but [Mother] threatened to cut off his fingers and hit him with a baseball bat.

36. [The grandmother] . . . went into [Mother's] bedroom to get the charger.

37. [Mother] was trying to hit [the grandmother] with the baseball bat and hit . . . [C]hild. [Mother] and [the grandmother] got into a physical altercation and [the grandmother] put [Mother] into a headlock. [Mother] swung the baseball bat upwards and hit [the grandmother] in the head with the bat while [] [C]hild was on the bed crying from being hit with the bat.

38. [Mother] testified she pled guilty so she could get out of jail to be with her 11-year[-]old [Child].

39. [Mother] testified that she is in the process of getting her daughter back and if she remains on the [] [R]egistry, she cannot go on field trips with her daughter.

40. [Mother] testified she has been going to rehabilitation [and] participating in drug and alcohol and mental health counseling, and she is enrolled in Women Aware.

(FOF ¶¶ 32-40 (internal citations omitted).) The ALJ found that Caseworker and Mother testified credibly. (*Id.* ¶¶ 44-45.)

A copy of the original CY-48, listing the report as indicated, and an Amended CY-48, reflecting the change in status from indicated to founded, as well as the Criminal Information and sentencing order from Mother's criminal case, were introduced and admitted into evidence without objection. The original CY-48 alleged as follows:

Child and [Mother] both admit that [Mother] tried to hit the grandmother with a baseball bat. [Mother] missed and hit [] [C]hild, who was between [Mother] and the grandmother, with the bat. Child confided she was in substantial pain from the incident, could not use her arm, and [] [C]hild's arm was in a sling for approximately two

4

weeks. This case is being indicated for [Mother] recklessly causing bodily injury to [] [C]hild for [Mother] hitting [] [C]hild with the bat. A criminal investigation is pending.

(*Id*. ¶ 6 (quoting Exs. B-1 and C-3).) It identified Mother as the perpetrator, Child as the victim, and the date of the incident as July 5, 2018. The Amended CY-48 included the same allegations but was updated to reflect that Mother pled guilty to the counts outlined above. The Criminal Information outlined the various charges against Mother. As to Child, the July 5, 2018 Criminal Information stated Mother "knowingly endanger[ed] the welfare of [] [C]hild by violating the duty of care, protection or support[;]" "attempt[ed] to cause or intentionally, knowingly or recklessly caused bodily injury to" Child; and "recklessly engage[d] in conduct, which placed or could have placed [Child] . . . in danger of death or serious bodily injury . . . ." (Certified Record (C.R.) at 91.) The sentencing order identified the counts to which Mother pled and the sentences associated with same but did not include any facts connected to the criminal pleas. Mother also presented an exhibit of combined documents from the Blair County Reunification and Permanency Program.

Among the Department exhibits was a copy of the criminal complaint, which listed Mother as the defendant and charged her, in relation to Child, with endangering the welfare of a child, simple assault, and recklessly endangering another person for the incident on July 5, 2018. The criminal complaint included a description of the offenses as a "physical domestic involving a baseball bat." (R.R. at 12a.) The criminal complaint continued:

> [the friend] entered the bedroom where [Mother] was so that he could retrieve his cell phone charger. [The friend] stated that [Mother] held up a wooden baseball bat and said "You're going to get this if you don't get out." [The grandmother] stated that she then entered the bedroom

to retrieve the cell phone charger, and [Mother] began swinging the bat at her. [The grandmother] stated that she placed [Mother] in a headlock and got behind her. [The grandmother] advised that [Mother] was still swinging the bat around and over her shoulder, striking her in the head. [The grandmother and Child] advised that while [Mother] was swinging the bat [Child] was struck in her shoulder while lying in bed. [Child] had impaired mobility of her shoulder, and was transported by personal vehicle to [a hospital] for x-rays.

(*Id.*)

Based upon the above evidence, the ALJ recommended sustaining Mother's appeal of the founded report. The ALJ explained that the founded report must "involve[] the same facts and circumstances as [Mother's] guilty plea" and that "the guilty plea constitutes a finding that . . . [C]hild has been abused as defined by the CPSL." (Recommendation at 15.) In this case, the ALJ found that Mother was the alleged perpetrator in the CY-48 and the defendant in the criminal case and that Child was listed as the victim in both the CY-48 and criminal complaint. (*Id.*) The ALJ further found the date of the incidents were the same. (*Id.* at 16.) However, the ALJ found there was no evidence the founded report involved the same facts and circumstances as the offenses to which Mother pled. The ALJ stated that

> [Mother] pled guilty to Offense 3, Endangering the Welfare of a Child[, Section 4304(a)(1) of the Crimes Code,] 18 [Pa.C.S.] § 4304(a)(1). This statute reads in pertinent part: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." Binding Commonwealth Court authority mandates that [the Department] cannot infer child [] abuse from a guilty plea for endangering the welfare of a child when the facts adduced during a plea colloquy did not support such a finding. *R.F. v. [Dep't] of Pub[.] Welfare*, 845 A.2d 214 (Pa. [Cmwlth.] 2004). In the instant case, the [County] did not submit **any** plea colloquy or colloquy of any kind which the undersigned ALJ could examine to determine the facts to which [Mother] pled guilty. Without a verbatim transcript or record

6

of [Mother's] guilty pleas with [the] Court, the undersigned ALJ cannot determine whether [Mother's] guilty pleas in her criminal case are identical to factual circumstances of the indicated report or whether she pled guilty to child abuse. Based on this failure of evidence, the ALJ is constrained to find the fact[ual] circumstances of [Mother's] guilty plea to Offense 3, Endangering the Welfare of a Child, does not support a founded report.

[Mother] pled guilty to Offense 4, Simple Assault, [Section 2701(a)(1) of the Crimes Code,]18 [Pa.C.S. §] 2701(a)(1). This statute reads in pertinent part: "Offense defined. – A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; . . . ." Nothing in this statute specifically references or infers child abuse and it is unascertainable from the record of this case that [Mother] knowingly pled guilty to child abuse when she pled guilty to simple assault. With no plea colloquy or verbatim transcript of [Mother's] criminal proceeding to examine, the undersigned ALJ cannot find that [Mother's] guilty plea to Offense 4, Simple Assault, is based on the same facts and circumstances as set forth in the CY-48. The undersigned ALJ finds that [Mother's] guilty plea to Simple Assault does not support a founded report.

[Mother] also pled guilty to Offense 5, Recklessly Endangering Another Person, [Section 2705 of the Crimes Code,] 18 [Pa.C.S. §] 2705. This criminal statute states, "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Again, nothing in this statute infers or compels a finding [Mother] committed child abuse within the meaning of the CPSL. For the reasons stated above, the ALJ finds [Mother's] guilty plea to Recklessly Endangering Another Person does not implicate an identical set of facts and circumstances on all fours with the CY-48. Without a plea colloquy to review, the undersigned ALJ cannot determine what facts [Mother] pled guilty to in her criminal case. Accordingly, the undersigned ALJ finds [Mother's] guilty plea alone does not support a determination that the [County's] report is properly founded.

(*Id*. at 16-17 (emphasis in original).)

The ALJ went into detail regarding each offense to which Mother pled guilty, specifically finding the following: that Mother knowingly endangered the welfare

7

of Child, placed Child in danger of death or serious bodily injury, and committed simple assault. (*Id*. at 18-19.)  However, the ALJ further stated that he could not determine whether the criminal acts to which Mother pled guilty constituted child abuse as defined by the CPSL.[4]  The ALJ stated that there was no plea colloquy or colloquy presented by the County to show the facts to which Mother pled. (*Id*. at 19.)  "Without a verbatim transcript or record of [Mother's] guilty pleas with [the c]ourt," the ALJ found he could not "determine whether [Mother's] guilty pleas in her criminal case [were] identical to factual circumstances of the [] [R]eport or whether she pled guilty to child abuse." (*Id*. at 16-17.)  With no specific factual averments regarding child abuse, the ALJ reasoned that the three offenses to which Mother pled guilty cannot warrant a founded report and cannot qualify as child abuse as defined by the CPSL. (*Id*. at 17-18.)

Accordingly, the ALJ ordered that the founded status was not being properly maintained by the County and directed it to amend the CY-48 to an indicated status and for a hearing to be held on that indicated report, no sooner than 30 days from the date of the order. (Recommendation Order.)  The Department thereafter adopted the Recommendation in its entirety.  The County filed an Application for Reconsideration, which the Department denied.  The County then filed its petition for review with this Court.

---

[4] "Child abuse" under Section 6303(b.1)(1) of the CPSL means, in relevant part here, "intentionally, knowingly or recklessly . . . causing bodily injury to a child through any recent act or failure to act."  23 Pa.C.S. § 6303(b.1)(1).

## II.   ARGUMENTS

On appeal,[5] the County sets forth three issues for our consideration: (1) whether the Department erred in granting an administrative hearing despite the fact that Mother did not state why her guilty pleas did not support the founded designation; (2) whether the Department erred as a matter of law in finding the report of child abuse does not involve the same facts and circumstances as Mother's guilty pleas; and (3) whether the Department erred as a matter of law in finding the guilty pleas did not constitute findings that Child was abused as defined by the CPSL.[6] The County asserts that the Department and ALJ erred when it denied the Motion to Dismiss because the burden of proof was on Mother to first prove that she was entitled to an appeal as stated in the CPSL and case law. Because Mother did not address whether the guilty pleas supported the founded designation, the County argues it was error and/or an abuse of discretion to provide Mother a hearing. To the extent the ALJ suggested the County should have presented evidence of Mother's guilty plea colloquy, the County asserts that the perpetrator, not it, has the burden to show that an adjudication does not form the basis for a founded report and that Mother did not meet this burden.

Moreover, the County argues that the record evidence shows the founded report arises from the same set of facts and circumstances as Mother's guilty pleas. It argues there is no dispute Child was the victim in both the founded report and Criminal Information, that Mother was the alleged perpetrator and defendant, and that the events that form the basis of each occurred on July 5, 2018. The County

---

[5] Our scope of review is limited to determining whether any constitutional rights have been violated, an error of law was committed, or the findings of fact were supported by substantial evidence. *J.F. v. Dep't of Hum. Servs.*, 204 A.3d 1042, 1045 n.3 (Pa. Cmwlth. 2019).

[6] For ease of discussion, we have combined the County's second and third issues.

9

further argues that the criminal complaint clearly states that Mother hit Child with a baseball bat and that Mother subsequently pled guilty to recklessly endangering the welfare of the child; this proves the incident in the CY-48 and guilty pleas arise from the same factual circumstance. The County also argues that an examination of the definition of the crimes to which Mother pled guilty supports the conclusion that "the same facts and circumstances exist pursuant to [Mother's] guilty plea to simple assault and recklessly endangering another person . . . ." (County's Brief at 19.) The County compared the language of the criminal statutes to the CPSL's definition of child abuse and noted that they are "identical," except that simple assault can be committed against an adult or child, whereas child abuse is only applicable to children. (*Id.*) Further, as to recklessly endangering another person, the County argued that a bat being used against a person as a weapon can place another person in danger of serious bodily injury. Accordingly, the County asserts that the incident in the CY-48 and criminal complaint is the same incident to which Mother pled guilty. Finally, the County argues that Mother did not present evidence that her conviction was reversed or vacated and, therefore, the founded report should have remained in effect.

The Department argues that the County did not meet its burden to prove that the facts of the guilty pleas were the same as those of the Amended CY-48 or that there was a finding of child abuse in the guilty pleas because the County did not submit any plea colloquy or transcript demonstrating that the facts to which Mother pled were the same facts as the Amended CY-48. Therefore, the Department asserts that the ALJ was correct in determining that there was no evidence presented that the guilty pleas were based on the same circumstances as the Amended CY-48 to

10

qualify as an admission of child abuse and that the Amended CY-48 should be amended to an indicated status as recommended by the ALJ.

### III. DISCUSSION
#### A. Whether the ALJ and the Department erred in granting an administrative hearing.

We begin first with the County's argument that the ALJ, and thus the Department, should not have granted Mother an administrative hearing because Mother did not state why the guilty pleas did not support the designation of a founded report. Under the CPSL, there are two different categories of reports: indicated and founded. *See* Section 6338 of the CPSL, 23 Pa.C.S. § 6338. The CPSL defines an "[i]ndicated report," in relevant part, as:

> (1) . . . [A] report of child abuse made pursuant to this chapter if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following:
>
> > (i) Available medical evidence.
>
> > (ii) The child protective service investigation.
>
> > (iii) An admission of the acts of abuse by the perpetrator.

Section 6303(a) of the CPSL, 23 Pa.C.S. § 6303(a). A "[f]ounded report" is defined, in relevant part, as:

> A child abuse report involving a perpetrator that is made pursuant to this chapter, if any of the following applies:
>
> > (1) There has been a judicial adjudication based on a finding that a child who is a subject of the report has been abused and the adjudication involves the same factual circumstances involved in the allegation of child abuse. The judicial adjudication may include any of the following:

11

(i) The entry of a plea of guilty or nolo contendere. . . .

*Id*. In order to amend or expunge a founded report, "[a] person named as a perpetrator in a founded report of child abuse must provide to the [D]epartment a court order indicating that the underlying adjudication that formed the basis of the founded report has been reversed or vacated." Section 6341(c.1) of the CPSL, 23 Pa.C.S. § 6341(c.1).

However, an alleged perpetrator may also appeal a founded report to determine whether the underlying adjudication properly supports that report. *J.G. v. Dep't of Pub. Welfare*, 795 A.2d 1089, 1093 (Pa. Cmwlth. 2002). Only the relationship between the report and adjudication may be challenged, not the guilty pleas themselves, which would constitute a collateral attack. *R.F.*, 845 A.2d at 217 n.7 (citing *R.F. v. Dep't of Pub. Welfare*, 801 A.2d 646, 649 (Pa. Cmwlth. 2002)). When there is silence as to whether there was child abuse or facts are missing from a criminal adjudication, there is no collateral attack and, thus, a hearing is warranted on the founded report of child abuse. *J.F. v. Dep't of Hum. Servs.*, 204 A.3d 1042, 1048-49 (Pa. Cmwlth. 2019). As stated by this Court in *C.F., IV v. Department of Human Services*, the agency must prove that "the factual circumstances of the judicial adjudication and the indicated report are identical, and, if it does, the report is properly designated as a founded report." 174 A.3d 683, 688 (Pa. Cmwlth. 2017) (citing *D.M. v. Dep't of Pub. Welfare*, 122 A.3d 1151, 1155 (Pa. Cmwlth. 2015)).

In the case before us, Mother initially appealed the original CY-48, which reflected an indicated status, for a hearing before the ALJ. While that appeal was pending, the County filed its Motion, asserting therein Mother's pleas of guilt and amending the CY-48 to reflect same, and the ALJ issued a Rule to Show Cause for Mother to provide an explanation as to why the Amended CY-48 was not properly

founded. Mother argued in response that she was "regretful of her actions and desire[d] that her case [] proceed to a hearing" and "did not address whether her guilty pleas support[ed] the designation of her [R]eport as 'founded.'" (Recommendation at 15.) Nonetheless, the ALJ denied the Motion and proceeded to a hearing on the Amended CY-48. (*Id.*)

Before this Court, the County argues that the ALJ's denial of the Motion was in error because Mother did not make a proper showing of why she should be granted a hearing on her appeal. However, it is not an alleged perpetrator's burden to prove why the guilty pleas do not support a founded designation for a child abuse report. Instead, as our case law shows, that burden rests on the agency filing the report. **The agency** must prove that "the factual circumstances of the judicial adjudication and the indicated report are identical, and, if it does, the report is properly designated as a founded report." *C.F., IV*, 174 A.3d at 688 (citing *D.M.*, 122 A.3d at 1155).

Further, in *C.F., IV*, once the alleged perpetrator filed an administrative appeal of the indicated report of child abuse, the Department stayed the matter pending criminal proceedings. 174 A.3d at 686. Once those proceedings were concluded, and the alleged perpetrator was found delinquent in juvenile court, the agency amended the report to founded. *Id.* at 686-87. Upon that amended report, the ALJ entered an order to hold a hearing on the limited scope of whether that amended report was proper and supported by the adjudication rendered in juvenile court. *Id.* at 697.

Accordingly, because Mother had already filed an appeal of the **indicated** report and was awaiting a hearing on that appeal, Mother did not bear the burden here to prove that a hearing on the **founded** report was warranted. Under these circumstances, an alleged perpetrator, such as Mother, need not bring an additional

appeal or a proffer of why a hearing on a founded report is warranted, particularly when the agency, the County here, bears the burden of supporting the founded report. *See C.F., IV*, 174 A.3d at 688.

### B. Whether the ALJ and the Department erred in finding that the guilty pleas did not support the Amended CY-48 and a finding of child abuse.

The County next asserts that the Department erred as matter of law in finding that the report of child abuse did not involve the same facts and circumstances as Mother's guilty pleas, and thus the County asserts the Department should have found Mother committed child abuse. As previously stated, Section 6303 of the CPSL provides that a founded report is sustained by a judicial adjudication when there is a finding that the child abuse report and adjudication "involve[] the same factual circumstances." 23 Pa.C.S. § 6303. It is the County's burden to prove that the factual circumstances of the adjudication and report are identical, such that there has been a finding that a child has been abused and the alleged perpetrator has been found guilty of this abuse. *C.F., IV*, 174 A.3d at 688. If the adjudication's record is "too vague," the adjudication will not "resolve all of the issues in the indicated report definitively and conclusively." *Id.* at 692.

The ALJ, in the case before us, found that Mother's guilty pleas are related to the same events as the CY-48s, involving the same individuals, the same date of the incident, and same general factual scenario that Mother struck Child with a bat while trying to strike the grandmother. However, the ALJ also found that the guilty pleas themselves are vague and lack factual specificity to support a founded report, as there is **an absence of any plea colloquy or colloquy of any kind** to attach to the crimes to which Mother pled guilty. (Recommendation at 16.) The ALJ concluded that it would be impossible to say that a founded report was supported by the guilty

14

pleas without a transcript or record demonstrating the factual circumstances of the guilty pleas and the Amended CY-48 were the same. (*Id*. at 17.) We agree.

The criminal complaint, similar to the Amended CY-48, includes the date, outlines those involved, and describes the incident as Mother "swinging the [baseball] bat around and over her shoulder striking [the grandmother] in the head. . . . [Child] was struck in her shoulder while lying in bed[,] impair[ing the] mobility of [Child's] shoulder, and [Child] was transported by personal vehicle to [the Hospital] for x-rays." (R.R. at 12a.) The Criminal Information largely mirrors the statutory language and was devoid of specific facts connected to those counts. It identifies the victim as the Child and the perpetrator as Mother, but only identifies specific facts under one count, count 8: harassment, wherein the Criminal Information states that Mother "did strike, shove, kick or otherwise subject such other person to physical contact, or did attempt or threaten to do the same, namely STRUCK [the grandmother] IN THE HEAD WITH A WOODEN BASEBALL BAT. . . ." (C.R. at 92 (emphasis in original).) This count **does not involve Child**, and Mother **did not plead guilty** to this count. The ALJ noted that the allegations contained in the criminal complaint and Criminal Information were similar, but not identical, to the allegations contained in the Amended CY-48. (Recommendation at 16.) While we acknowledge that the criminal complaint and Criminal Information are far more detailed than Mother's pleas, these documents do not demonstrate the factual basis for the crimes to which Mother actually pled guilty. Furthermore, these documents do not demonstrate the facts that were relied upon **in the guilty pleas themselves**. Therefore, we agree that an agency may not proffer previous complaints and information sheets as proof that these were the facts relied upon in the guilty pleas.

15

The three offenses to which Mother pled guilty – endangering the welfare of a child, simple assault, and recklessly endangering another person – on their own, do not show that Mother pled to the same factual scenario that would constitute child abuse or support the Amended CY-48. The ALJ explained that even the statutory language of the offenses could not support the Amended CY-48, as none of them supported a finding of child abuse or that the criminal provision itself would support the Amended CY-48. *See R.F.*, 845 A.2d at 218 ("The charge of Endangering the Welfare of a Child does not mandate an inference of sexual abuse . . . in fact, to the contrary, [it] is a broad, 'catch-all' statute, which has been used in a variety of circumstances, including instances involving non-sexual offenders." (internal citations omitted)). Specifically, the ALJ noted that the definitions included language of "endangering the welfare of a child," "caus[ing] bodily injury to another," or "engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury." (Recommendation at 16-17 (quoting 18 Pa.C.S. §§ 2701(a)(1), 2705, 4304(a)(1)).) The ALJ noted that the broad language of the definitions did not include language which would support the Amended CY-48 or consider the definitions to "infer[] child abuse." (*Id.* at 17, 19.)

We agree with the ALJ that facts cannot be ascertained from the pleas that would show that Mother pled guilty to offenses that are identical to those within the Amended CY-48, such as a description that Mother struck Child with a bat during an altercation. Instead, the ALJ was left to guess what facts were relied upon in the criminal pleas. An ALJ, and this Court, may not infer facts into vague adjudications to support a child abuse report. *See C.F., IV*, 174 A.3d at 689, 690. "This Court . . . declines to draw such an inference in a cloud of fortuity and happenstance, where nothing more than a gut feeling as to what is theoretically plausible – but not actually

16

proven – serves as our guide and foundation for a decision." *Id*. at 691. To be of independent probative value, an admission of guilt, on its own, must support the facts for which it is offered. *Id*. (citing *Commonwealth v. Turner*, 133 A.2d 187, 199 (Pa. 1957)). Here, the guilty pleas in the form of the verdict transcript are too sparse and lacking in factual offerings to constitute an adjudication that can support a founded report. Accordingly, the Department did not err in finding that the County did not present substantial evidence that the **criminal guilty pleas, themselves,** supported the Amended CY-48.

## IV. CONCLUSION

Based upon the foregoing, the Department did not err in granting a hearing to determine whether the Amended CY-48 was supported by the criminal pleas. Such a hearing is warranted when a criminal proceeding is used to support a founded report, which has previously been appealed by an alleged perpetrator. On the merits, the ALJ did not err in reasoning that the County did not present evidence that the factual predicate for the guilty pleas was identical to that alleged in the Amended CY-48. An agency may not offer previous complaints and information sheets to prove that these were the facts relied upon in the guilty pleas. Nor can the factfinder hypothesize as to the facts underlying the offenses to which an alleged perpetrator pleads when no colloquy or information is offered for consideration. Accordingly, we affirm the Department's Order adopting the ALJ's Recommendation.

**RENÉE COHN JUBELIRER,** Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blair County Children, Youth
and Families',
                Petitioner

          v.

Department of Human Services,
               Respondent

:
:    **CASE SEALED**
:
:
:
:    No. 1813 C.D. 2019
:
:
:
:

## O R D E R

**NOW**, January 6, 2021, the December 3, 2019 Order of the Department of Human Services, in the above-captioned matter, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge